THE GALENA AND CHICAGO UNION RAILROAD COMPANY, Appellant, *v.* CHARLES CRAWFORD, Appellee.

APPEAL FROM WINNEBAGO.

The act to regulate the duties and liabilities of railroad companies, passed in 1855, applies to companies previously incorporated.

Since the passage of that act, railroad companies in this State are liable for injuries to cattle that may have strayed on to their tracks, through the want of the required fences or cattle guards.

If a railroad company has erected and maintains sufficient fences and cattle guards, then the onus is on the claimant to show a negligent or willful act by the company, before he can recover.

THIS was an action on the case, brought by the appellee against the appellant, under the act of 1855, entitled "An act to regulate the duties and liabilities of railroad companies," for killing a mare, which the appellee claims got upon the railroad track over an insufficient cattle guard.

The mare was depastured on the public highway by Crawford,

34

and, as is claimed by him, she strayed from the public highway on to the railroad track, over an insufficient cattle guard.

The suit was commenced at February term, A. D. 1861, of the Winnebago court, and was tried at the same term, and resulted in a verdict for Crawford, of one hundred and sixty-seven dollars and fifty cents. The plaintiff, upon the motion for a new trial, remitted a portion of the judgment, and a judgment was finally entered for one hundred and fifty dollars.

The first count alleges that the defendant, on the 14th day of June, 1856, was and still is, a railroad corporation, and was running cars from Chicago to Freeport; and that, according to an act entitled "An act to regulate the duties and liabilities of railroad companies, approved February 14th, 1855," the defendant ought to have built and made, within six months from and after the opening of said railroad for use, and maintained, at all road crossings, existing or established, cattle guards suitable and sufficient, etc. It then avers neglect of the company to erect, build and maintain cattle guards at a railroad crossing established and existing across the railroad in Winnebago, in the county of Winnebago; then alleges that "a certain mare, of which the said plaintiff was then and there, on the said 14th day of June, 1856, lawfully possessed in his own right, of great value, to wit, of the value of three hundred dollars, was then and there lawfully feeding and depasturing in the public highway or road in said town of Winnebago aforesaid, and then and there went from out of the said highway or road on to and upon the said railroad of the said defendant, at and from the said public highway or road crossing, across, on or upon a cattle guard not suitable or sufficient to protect said railroad from cattle, horses, sheep or hogs; and that the said animal of the said plaintiff, so being upon the said railroad of the said defendant, on the 14th day of June aforesaid, was then and there run over and killed," etc. The count then concludes as follows: "And the said plaintiff further avers, that the said mare did not get on to or upon the said railroad of the said defendant five miles from a settlement, nor was said animal killed, run against, over and upon, at any public highway or road crossing, nor within the limits of any town, city or village, nor did said animal get on to said railroad within the limits of any town, city or village, and that it was necessary such cattle guard should have been made and maintained, to prevent cattle, horses, sheep and hogs from getting upon the track of said railroad; to the damage of said plaintiff of three hundred dollars."

The second count is substantially like the first, and concludes as follows: "And the said plaintiff further avers, that the plaintiff's said animal did not get on to or upon the said defend-

ant's said railroad five miles from a settlement, nor was said animal killed, run against, over and upon, as aforesaid, at any public highway or road crossing, nor within the limits of any town, city or village, nor did the said animal get on to or upon said railroad within the limits of any town, city or village, and it was necessary that such cattle guard should have been made, to prevent cattle, horses, sheep and hogs from getting upon the said railroad and the track of the same ; to the said plaintiff's damage of three hundred dollars ; and therefore he brings suit."

At the request of the plaintiff's counsel, the court instructed the jury as follows :

If the jury believe, from the evidence, that the plaintiff's mare was killed upon the defendant's railroad track, and not upon the crossing of a public highway, nor within the limits of a town, city, or village, and within five miles of a settlement, and that the said railroad had been open for use for six months previous to the time of said injury to said animal; and that the said mare was injured, and rendered of no value, by the engines and servants of the defendants, as charged in the said plaintiff's declaration, and that the said mare got on to and upon the said defendant's said railroad track through the insufficiency of the defendant's said cattle guard, without any neglect on the part of the plaintiff, then the jury will find for the plaintiff such amount of damage as was proved to have been done to said animal.

The defendant's counsel asked the court to give the following instructions :

The jury are instructed, that if they believe, from the evidence, that the negligence of the plaintiff contributed to the loss of the mare in question, the plaintiff cannot recover.

That the killing of the mare, mentioned in plaintiff's declaration, is not of itself proof of gross negligence or malice ; and that if the plaintiff charges, and claims to recover, for the negligence on the part of the servants of the defendant, that he must prove such negligence as charged in the declaration, or he cannot recover in this action.

That while, by the laws of this State, cattle have the right to run at large on unenclosed lands, and the owners of such cattle are not liable in trespass for their so running at large, yet if cattle, when so allowed to run at large by their owners, are killed or injured by getting upon a railroad, the railroad company is not liable, without proof that the death, or injury, was occasioned by the negligence of the company, or its servants, or that it was willfully done.

That a case of negligence on the part of a railroad company is not made out by showing simply the killing of live stock, but it must also be clearly shown that the death was occasioned by

the negligence of the company, which negligence consists in doing some act careless or negligent on its part, or failing to do some act required by law, or the omission of which implies carelessness on the part of the company.

That it is, in contemplation of law, negligence on the part of the plaintiff to allow his mare to run at large, where she was liable to get upon defendant's railroad; and if the jury believe, from the evidence, that the plaintiff was guilty of such negligence, at the time the mare was killed, the jury should find for the defendant.

That a party cannot recover for an injury brought about by his own carelessness and negligence; therefore if the jury in this case believe that the plaintiff was the owner of a mare, as alleged in this declaration, and that he turned said mare out in the highway, and that he there kept and depastured her, and that said mare went from said highway, over the cattle guards of the defendant, at a road crossing, on to the railroad track of the defendant, and that said defendant was bound to erect and maintain good and sufficient cattle guards, to prevent cattle, horses, etc., from going over the railroad, and that said cattle guards were insufficient, and that in consequence of said cattle guards being insufficient, said mare got on said railroad track and was run over by the cars of said defendant, who was exercising ordinary care, and was guilty of no negligence, then in that case the plaintiff cannot recover; the law being that, although the law imposes upon a railroad company the absolute duty of erecting and maintaining good and sufficient fences and cattle guards, to keep horses and cattle off from a railroad track, yet there is a duty also upon the proprietors along the road; and they have no right to fold their arms and voluntarily permit their cattle to stray upon the railroad track, even though the cattle guards and fences which the company are bound to maintain be insufficient.

That railroad companies, in this State, are not liable for injuries to cattle which have strayed upon the highway, or which have been voluntarily turned into the highway by the owner, and which came upon the track through the want of the fence, or cattle guard, which the company is bound by law to maintain. Public highways cannot be regarded as commons, and no man has a right to depasture his cattle upon the public highway; therefore cattle are unlawfully upon the highway unless they are being driven along, or, while being driven along, they escape from the person having them in charge who makes fresh pursuit; and if the jury in this case believe that the plaintiff voluntarily turned the mare in question into the public highway to be depastured, and that the mare strayed on the railroad

track and was killed, without any fault on the part of the defendant or its servants, then the jury must find for the defendant.

That if the jury believe, from the evidence, that the cattle guard in question was insufficient, and they also believe, from such evidence, that the plaintiff was advised of such fact, it was negligence on his part to allow the mare to depasture on the highway; and if the jury find that the plaintiff allowed the mare in question so to depasture in the highway, and also believe that she came upon the railroad from the highway, and not from the plaintiff's close adjoining the defendant's road, on account of the insufficiency of the defendant's fence, then the jury should find the defendant not guilty.

That the presumptions of law are in favor of defendant; and that the plaintiff cannot recover in this suit unless upon proof of gross negligence of the servants of the defendant.

The court gave the first four instructions, and refused to give the remaining five, asked by defendant below.

The jury found a verdict for the plaintiff for one hundred and sixty-seven dollars and fifty cents.

The appellant assigns for error that the declaration aforesaid, and the matters therein contained, are not sufficient in law, for the said Charles Crawford to have or maintain the aforesaid action thereof against the said appellant.

That the judgment was given for the appellee, Charles Crawford, whereas by law it should have been given for the said Galena and Chicago Union Railroad Company.

That the court erred in overruling the motion for a new trial in this case.

That the court erred in giving the instructions for the plaintiff.

That the court erred in refusing to give the fifth, sixth, seventh, eighth and ninth instructions asked for on the part of the said railroad company.

That the court erred in overruling the motion for arrest of judgment.

ELLIOTT ANTHONY, for Appellant.

MILLER & MILLER, for Appellee.

WALKER, J.    It is objected that the act of February 14, 1855, is in violation of the vested charter rights of appellant, and is therefore unconstitutional and void.    This question was fully considered by the court in the case of *The Ohio and Mississippi Railroad* v. *Mc Clelland, ante,* 140, where it was held that this

act was fully warranted by the fundamental law of the State. Being now entirely satisfied with the conclusion then announced, we deem it unnecessary again to discuss the question.

The refusal of the court below to give the seventh instruction asked by appellant, is assigned as error. It asserted that railroad companies, in this State, are not liable for injuries to cattle which have strayed upon the highway, or been voluntarily turned upon the highway, and thence get upon the railroad track, through the want of fences or cattle guards which the law has required the road to erect and maintain. At the common law, owners of stock were required to keep them upon their own premises, or within commons, the use of which they had a right to enjoy. This rule has been reversed by the legislative action of this State. Our statute requires the owner of the soil to fence against stock which the law permits to run at large and in the highway. By the enactment under consideration, railroad companies have been, if they were not previously, placed upon the same footing of individuals. They are required to erect and maintain sufficient fences on the sides of their tracks to turn stock, and to place cattle guards at road and farm crossings sufficient for the purpose. The legislature, to enforce a compliance with the requirements of this act, has provided, that in case the company shall fail to comply, they shall be liable for all damages which shall be done to cattle, etc., by their agents or servants. The act also provides, that when railroad companies shall erect and maintain sufficient fences and cattle guards, in good repair, they shall not be liable for such damages unless it is negligently or willfully done.

This enactment contains no exception or proviso, which relieves the company from damages to cattle getting upon their road from the highway, or by reason of the owner's negligence. The language of the statute is broad and comprehensive, embracing in terms all damages to cattle getting upon the road when their fences or cattle guards are insufficient to turn stock. It does not provide that they shall be so liable when the owner is free from negligence. Nor does anything appear in the act to induce the belief that such an exception was designed, but such a construction is obviously excluded by the language employed.

They have negatived such a construction, by providing that the road shall not be liable, when they have erected and maintained sufficient fences and cattle guards, unless the act is negligent or willful. Although the act contains other exceptions relating to towns, etc., no such exception as contended for, is named. The very fact, that the act requires cattle

guards at road crossings, recognizes the right of owners to permit their cattle to run upon the highway. Thus we think the General Assembly, has unmistakably indicated the intention to impose liability upon the company for all injuries resulting to stock upon their roads, except at the points indicated in the enacting clause, unless they shall have complied with the provisions of this enactment. It is a duty that was designed to be enforced, by the liability thus imposed. To avoid the liability, for damages resulting from such injury to stock, they have only to comply with the requirement of the statute.

When the company have erected and maintained sufficient fences and cattle guards, to recover, the owner must show that the injury to his cattle resulted from the negligent or willful act of the agents or servants of the company. When they have failed to comply with the requirements of the statute, the owner has only to show the omission, and the injury, and the law imposes the liability as a penalty, for failing or refusing to submit to its requirements. The act is designed as a police regulation, as well to protect the traveling public as to compensate the owner for his loss. This liability is imposed upon the company to constrain them to do that which the public safety requires, rather than for the benefit of the owner.

The fifth, sixth and eighth instructions asked by the appellant and refused to be given by the court, assert, in different forms, and with various modifications, the same doctrine contained in the seventh, and were therefore properly refused. Upon this entire record, we perceive no error requiring a reversal of the judgment of the court below, and it is therefore affirmed.

*Judgment affirmed.*