# The Chicago and Alton Railroad Company

## *v.*

## Leander Utley.

1. Instructions—*their requisites.* Instructions should be framed with reference to the circumstances of the case on trial, and not be expressed in

Syllabus.

abstract and general terms, when such terms may mislead instead of enlightening a jury.

2. SAME—*and herein, what constitutes negligence in a railroad in the killing of stock.* In an action against a railroad company to recover the value of a horse found dead upon the track at a point where the company were required to fence, the horse having the appearance of having been killed by a locomotive, it was held to be erroneous to instruct the jury " that the mere fact of the horse being killed on the track was evidence of negligence on the part of the company," because that language would doubtless be understood as meaning that, if the horse were killed on the track, that fact, of itself, would prove negligence on the part of the company, when such is not the law.

3. Had the instruction, however, merely meant that the fact of the horse being killed on the track was a circumstance which might be considered in determining the question whether the fences and cattle guards were good and sufficient, it would have been unobjectionable.

4. BURTHEN OF PROOF—*as to negligence.* If a horse takes fright and runs away, and gets upon a railroad at a point where the company is bound to fence, and is killed upon the track, the fact that the fence or cattle guard was insufficient at that point, will, alone, render the company liable.

5. But if the horse, in its fright, gets upon the track by breaking a fence or leaping a guard which would be sufficient under all ordinary circumstances, then it would not devolve upon the company to prove an absence of negligence in running the train, but would only be liable upon its being proven they were guilty of carelessness or willful injury.

6. INSTRUCTIONS—*need not be repeated.* It is not error to refuse an instruction, though correct in itself, if it is substantially embodied in another which is given.

7. RAILROADS—*what constitutes a sufficient fence.* A good and sufficient fence must be, not merely one which will turn ordinary stock, for a slight barrier might do that, but one that will turn stock even though, to some extent, unruly.

APPEAL from the County Court of Livingston County; the Hon. JONATHAN DUFF, Judge, presiding.

The case is stated in the opinion of the Court.

Mr. A. W. CHURCH, for the appellant.

Mr. J. M. BARRET, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action on the case brought by the appellee against the appellant to recover the value of a mare killed by a train upon the railroad. The jury found for the plaintiff below, and the defendant appealed.

The mare of the appellee was being driven at night, and becoming frightened, ran away, separated herself from the vehicle, and was found the next morning, not very far from the point where she took fright, dead on the track of the railroad. Her injuries indicated very clearly that she had been killed by a locomotive. The place where she was found was not in a town or village, or at a railway crossing, but at a part of the track where the company was required by the statute to fence. The real question presented by the evidence was, whether the cattle guard at the crossing, near which the mare was killed, and the fences along the line of the road, were good and sufficient.

On the trial, the court instructed the jury for the plaintiff, "that the mere fact of the mare being killed on the track is evidence of negligence on the part of the Company." If by this instruction was merely meant that the fact of the mare being killed on the track, was a circumstance which the jury had a right to take into consideration in determining the question whether the fences and cattle guards were good and sufficient, it would be unobjectionable. But the jury could not well have understood it in that qualified sense. They would, doubtless consider it as meaning that, if the mare was killed on the track, that fact, of itself, would prove negligence on the part of the company. Understood in that way, the instruction would be clearly wrong, for the fences and cattle guards might be good and sufficient, in the sense in which the terms are used in the statute, and yet an animal, maddened with fright, might break through or rush over them, and be killed in the night by a passing train, without any fault being justly attributable to the latter. Instructions should be framed

with reference to the circumstances of the case on trial, and not be expressed in abstract and general terms, when such terms may mislead instead of enlightening a jury.

The court also instructed for the plaintiff, " that it is incumbent on the defendant to prove an entire absence of negligence on its part." This was also, in the circumstances of this case, an error. The liability of railways, under the statute upon which this suit is brought, has been often expounded by this court. In the case before us, if the fence or cattle guard was insufficient at the point where the mare came upon the railroad, that fact alone would render the company liable. But if the fence and guards were good and sufficient for turning stock under all ordinary circumstances, and the mare, in her fright, broke the fence or leaped the guards in a mode that only an infuriated animal would have attempted, and in that way came upon the track, then it would not devolve upon the company to prove an entire absence of negligence, in running the train; but, on the contrary, they would only be liable upon the plaintiff's proving against them carelessness or willful injury. The mare, in such event, would be where she had no right to be, and the company, having performed its duty in fencing, would not be liable for an accidental collision, and the burden of proof would be on the party alleging the negligence. *Galena and Chicago Union R. R. Co.* v. *Crawford*, 25 Ill. 529.

The 5th and 6th instructions asked by the defendants were substantially embodied in the 7th instruction which was given, and therefore their refusal was not error.

The 4th instruction was properly refused. A good and sufficient fence must be not merely one which will turn ordinary stock, for a slight barrier might do that, but one that will turn stock even though, to some extent, unruly.

The mare was killed in the night. There is no evidence whatever, showing the manner or circumstances. There is, therefore, no question to be made as to the negligence of the company when the injury actually occurred. The only real question in the case, on the evidence now in the record, is,

whether the fence and cattle-guards had been, in the language of the statute, duly made, and were in good repair. If the jury, on another trial, the evidence being what it was before, shall find this question in the negative, they should hold the company liable for the value of the mare, but if they answer this question affirmatively, their verdict should be for the defendant. The judgment is reversed and the cause remanded.

*Judgment reversed.*