## Chicago & Alton Railroad Co.

### *v.*

### Milem M. Engle.

1.  RAILROADS—*injury to stock—burden of proof—sufficiency of evidence.* In an action against a railroad company to recover the value of a horse killed on the defendant's track by its engine and train, the plaintiff based his right of recovery upon an alleged violation by the defendant of an ordinance of the incorporated town of Greenview, which prohibited the running of trains within the inhabited portion thereof, where the accident occurred, at a greater rate of speed than six miles an hour: *Held*, the burden of proving this averment was upon the plaintiff, and the mere proof that the animal was killed on the defendant's track within such portion of the town, did not raise the presumption that the train was running at the prohibited rate of speed.

2.  SAME—*construction of the act of* 1865, *in respect to the speed of trains.* A proper construction of the second section of the act of February 16, 1865, the first section of which renders railroad companies liable for all damages resulting from running their trains within the corporate limits of cities and towns at a greater rate of speed than allowed by the ordinances thereof, does not make the fact that stock was killed in the corporate limits of a town, evidence that the train was running at a rate of speed beyond the limit of the ordinance, but simply makes proof of the violation of the ordinance, and that the injury occurred while the train was so running at the prohibited rate of speed, presumptive evidence of negligence, rendering the company *prima facie* liable.

3.  SAME—*fencing railroads in towns.* Railroad companies are not required by the statute to fence their line of road within the corporate limits of a town, and in actions against them to recover for injuries to stock, occurring within such limits, it is error to refuse so to instruct the jury.

APPEAL from the Circuit Court of Menard county; the Hon. CHARLES TURNER, Judge, presiding.

Mr. A. W. CHURCH, for the appellant.

Messrs. MORRISON & WHITLOCK, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought in the Menard circuit court by appellee against appellant, to recover the value

of a horse claimed to have been killed by an engine and train belonging to appellant, and running on its road.

It appears from the evidence in the case, that the animal was killed by a train in the night, but the circumstances under which the accident occurred, do not appear in evidence. No witness testifies to have seen the occurrence, but the dead animal was found under the bridge, and blood and hair on the track, at and near the bridge, and the wheels of the trucks of the engine seem to have been thrown from the rails, from marks on the ties and from other appearances in the vicinity. There is no contest as to whether the horse was killed by the train, but it is whether, from the evidence, the circumstances indicate such carelessness on the part of the employees of the company as should render them liable.

The injury occurred within the corporate limits of the village of Greenview, and it is averred the town had adopted this ordinance :   "No railroad company, conductor or engineer, or employee of any railroad company, or other person managing or controlling any locomotive engine, car or train, on any railroad track, shall, in the inhabited part of the town, run, or suffer to be run, any such locomotive or train, upon such railroad track, at a speed exceeding six miles per hour, under a penalty of not exceeding $50." And the company, in violation of the ordinance, ran its train at a greater speed, and ran over and killed plaintiff's horse.

On the trial, the court gave for appellee this instruction :

"The court instructs the jury, for the plaintiff, that if they believe, from the evidence in the case, that the plaintiff was the owner of the horse in question, and that said horse, while the property of the plaintiff, was killed by the locomotive or train of cars in the management of the agents or servants of the defendant, within the corporate limits of the town of Greenview; and if they further believe, from the testimony in the case, that the corporation of Greenview had duly passed

and published the ordinance given in evidence in the case, regulating the speed of railroad cars, and engines or locomotives, while passing through the inhabited part of said village, and that said ordinance had been duly published according to law, before the date of the alleged killing of said horse, then the presumption of law is, that the locomotive and cars, by which said horse was killed, were running at a greater rate of speed than six miles an hour, and the burden of proving that the train was not running at a greater rate of speed than six miles an hour, is upon the defendant. And unless the jury believe, from the evidence in the case, that said locomotive and train of cars were not running, at the time of said alleged killing, faster than six miles an hour, the plaintiff is entitled to a verdict."

It is insisted that this instruction reverses the rules of evidence, and changes the *onus probandi;* that the plaintiff having averred a violation of the ordinance as the ground of recovery, he, to succeed, was bound to prove the averment.

In the case of the *Great Western Railroad Co.* v. *Marthland*, 30 Ill. 457, the judgment was reversed, because it did not appear the company was guilty of negligence. Again, in the case of the *Chicago & Alton Railroad Co.* v. *Utley*, 38 Ill. 410, it was held to be error to instruct the jury " that the mere fact of the mare being killed on the track, is evidence of negligence on the part of the company." That fact was said to be a circumstance to be considered with others, by the jury, in determining the question of negligence, but not of itself evidence of negligence. The court can not say such a fact is, in law, negligence, and it was not, under the general rules of evidence, proper to so instruct the jury, as is done in this case.

It is, however, insisted that the act of February 16, 1865, has changed the rule of evidence in cases of this character. The first and second sections are as follows:

" Hereafter, whenever any railroad company, who shall, by themselves or agents, run, or [permit] their trains or engines

to be run at a greater rate of speed through the incorporated limits of any city or town in this State, than is permitted by the city or town ordinances respecting said railroad company, [said railroad company] so violating said ordinances, either by themselves or agents as aforesaid, shall be liable to each individual sustaining damages, done by said train or engine, to the full extent of such damage."

"2. Should any live stock be killed by any of the railroad companies or their agents, in manner set forth in sec. 1 of this act, the same shall be presumed to have been done by the negligence of said company or their agents."

It is urged, that the proper construction of the second section makes the fact of killing stock, in the corporate limits of a village, evidence that the train was being run at a greater rate of speed than is allowed by the ordinance. We do not see how such a construction can be fairly given to its language. The first section declares, that if the company shall permit their engines and trains to run in the corporate limits of a town at a greater rate of speed than is allowed by the ordinance, the company shall be liable for all damage done by the train. The second section then declares, that when stock shall be killed by such trains in the manner set forth in the first section, the same shall be presumed to have been done by the negligence of the company or their agents. Now, what is the manner referred to by this section? Manifestly, by running trains at a greater rate of speed than is authorized by the ordinance. The first section imposes liability for damages done by running their trains at the prohibited rate of speed; and to prevent all question whether the prohibited rate of speed was the cause of the injury, the second section declares, that when the injury occurs when the trains are under a rate of speed prohibited by the ordinance, the fact that the company was running their cars at such a speed, shall be evidence of negligence. This is the only reasonable construction that can be given to the section. There is nothing in the act from which we can infer, that it was intended to make the mere

killing of animals, in the corporate limits of a town, evidence of negligence. But it was designed to leave the plaintiff, in such cases, to prove the violation of the ordinance, and when proved, and the animal was thereby killed, then to create a presumption of negligence, rendering the company *prima facie* liable. The instruction was wrong, and should not have been given.

The court again erred in refusing to give appellant's instruction, that the company was not required to fence its road within the corporate limits of the town. The statute has excepted such places from the requirement to fence, and appellant had the right to have the jury so informed.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*