66    43<br>
72a 662

# The Chicago, Rock Island and Pacific R. R. Co.

## v.

# Richard W. Reidy.

1. Constitutional law—*regulation of speed of railroad in cities and towns.* The act of 1865, which makes railroad companies liable for all damage done to any individual and for stock killed by any train or engine, in any incorporated city or town, where their trains are permitted to be

run at a greater rate of speed through such city or town than is permitted by the ordinances thereof, is not unconstitutional.

2. Such a law is not objectionable as taking private property from one person and giving it to another. Its purpose and operation are to require railroad companies to make compensation for the damage done by their trains and engines while running at the prohibited speed. It is not a penalty, or in the nature of a penalty; but even were it held to be a penalty, or in the nature of one, it would not be unconstitutional, as the legislature has the undoubted right to impose any reasonable penalty necessary to compel a strict observance of the statutory requirement.

3. Nor is it objectionable that the statute gives the penalty, if it be one, to the injured party. Whether a penalty for violation of law shall be appropriated to the public use or to a private individual, is purely discretionary with the legislature.

4. Negligence—*form of action to recover for injury resulting from train running at greater speed than allowed by ordinance.* Where a plaintiff sued a railroad company in an action on the case in the circuit court to recover compensation for injury sustained by him in consequence of the company's train being run at a greater rate of speed within a city than the ordinance of the city allowed, it was urged that the action was misconceived, because the statute gives an action of debt or assumpsit before a justice of the peace, where the sum claimed does not exceed $100, and, therefore, the same forms of action applied to suits in the circuit court: *Held,* that, as in the latter court an action was given without naming it, and there was no language used limiting or curtailing the jurisdiction of the circuit court, the plaintiff, when suing in the latter court, might select any usual and appropriate remedy.

5. Evidence—*sufficiency of averment in the pleading to admit.* Where the declaration, in an action on the case to recover for injury caused by a collision with a railroad engine, averred that defendants neglected their duty to ring a bell or sound a whistle, and otherwise so carelessly conducted their train, by not slackening the speed and in not giving warning of its approach, as to cause the injury: *Held,* that, under this averment, evidence of the violation of the ordinance of the city where the injury occurred, regulating the speed of trains, could be given, and that such evidence was admissible under the averment of negligence.

6. New trial—*where evidence conflicting.* Where the evidence is conflicting, it is for the jury to weigh and reconcile the same, as far as can be done, and find a verdict according to its preponderance; and in such a case, unless it is manifest that the jury have mistaken or disregarded the evidence, this court will not set aside their verdict.

7. Instructions—*repeating.* Even if instructions refused do contain correct legal principles, yet if others given embody the same principles, such refusal can work no injury, and will afford no ground for reversal.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Mr. Charles H. Lawrence, for the appellant.

Mr. Sidney Thomas, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action on the case, brought by appellee, in the circuit court of Cook county, against appellants, to recover for injuries sustained by appellee, in killing his horse and in breaking his wagon and harness, by an engine and train of cars which were being operated by the company.

A trial was had by the court and a jury, which resulted in a verdict of $300 in favor of plaintiff. Defendants entered a motion for a new trial, which was overruled by the court, and judgment rendered on the verdict, and the case is brought to this court on appeal.

It is admitted that the general assembly has the power to adopt any and all police regulations necessary for the protection of the life and property of the citizen; but it is contended that the act of 1865 (Sess. Laws, 103) is unconstitutional. It provides that whenever any railroad company shall, by themselves or their agents, run or permit their trains to be run at a greater rate of speed through the incorporated limits of any city or town than is permitted by the city or town ordinances regulating the speed of trains, such company violating the ordinance shall be liable to each individual sustaining damage done by such train or engine, to the full extent of the damage; and if any live stock be killed by any railroad companies or their agents, in the manner set forth in the first section of the act, the same shall be presumed to have been done by the negligence of the company or their agents.

The ordinance adopted by the city, and read in evidence, prohibited railroad engines and trains from running at a greater rate of speed than six miles an hour within the city;

and the witnesses on the part of appellee testified that the train was running at the rate of fifteen miles per hour, whilst the witnesses on behalf of appellants swore that the speed did not exceed six miles an hour. Appellee's witnesses testified that no bell was rung or whistle sounded, but this was contradicted by appellants' witnesses. The collision occurred at one of the street crossings in the city.

The objection urged against this law is that it takes private property from one person and gives it to another, without regard to their relative rights. This, we think, is not the purpose or operation of the law. It prohibits the running of trains above a certain rate of speed, and declares that the company shall be liable for all injuries inflicted by them whilst running at the prohibited rate of speed. This only requires the company to make compensation for the damage done by their engines and trains. It is not a penalty, or in the nature of a penalty. It only requires compensation to be made where the company has wrongfully inflicted injury. It may be that the law has changed the rule of evidence, and has made the fact of running at the prohibited speed *prima facie* evidence of such neglect on the part of the company, when injury ensues, as shall render them liable. See *Chicago and Alton R. R. Co.* v. *Engle*, 58 Ill. 381.

An observance of the law is all that is required to relieve them from the presumption, and that is no hardship, and is strictly conformable to justice.

But even if it could be held to be a penalty, or in the nature of one, still the legislature has the undoubted right to impose any reasonable penalty necessary to compel a strict observance of the statutory requirement; nor is there any force in the objection that the statute gives the penalty, if it be one, to the plaintiff. It is common to give a part of a penalty to any person who will sue *qui tam*, and statutes may be found that give the entire penalty to the informer, or person injured who sues for its recovery. Of this character is our statute which imposes a penalty of threefold the value

of property exempt from levy and sale on execution against the officer who makes the illegal levy. R. S. 306, sec. 34. And numerous statutes of a similar character might be cited, none of which have been, nor can they be, successfully challenged as unconstitutional. Whether the penalty shall be appropriated to public use or to a private individual, is purely discretionary with the legislature.

It is next objected that the action is misconceived, because an action of debt or assumpsit is given before a justice of the peace, where the sum claimed does not exceed $100; and it is contended that appellee could only sue in one of those actions in the circuit court. The statute will not bear this construction. It gives the action of debt or assumpsit before the justice, or a recovery by suit in the circuit court, as the party may elect, where the damages exceed $20. There is no language used which, by any fair construction, can be held to limit or curtail the jurisdiction of the circuit court. On the contrary, it gives an action without naming it, thus leaving the party to select any usual and appropriate remedy.

It is urged that the declaration should have averred that the train was running at the prohibited rate of speed, before the plaintiff could recover under the statute. The declaration avers that appellants neglected their duty to ring a bell or sound a whistle, and otherwise so carelessly conducted their train by not slackening the speed and in not giving warning of its approach, as to cause the injury.

Under the averment that the company failed to slacken the speed of the train, the evidence of the violation of the ordinance of the city could be given, or it was admissible under the averment of negligence; but if it were conceded that the declaration was not sufficiently specific, still the jury were warranted in finding that a bell was not rung or a whistle sounded, and that the train was running at a dangerous rate of speed; and if so, there could be no doubt of the right to recover at common law, if there was no want of care on the

part of appellee's servant, and the evidence does not disclose negligence on his part.

The testimony was conflicting as to whether a bell was rung or a whistle was sounded, and as to the rate of speed at which the train was running; and in this conflict it was for the jury to weigh and reconcile the evidence, as far as that could be done, and find a verdict according to its preponderance. Having done so, we will not, unless it is manifest that the jury have mistaken or disregarded the evidence, set aside their verdict.

There is an abundance of evidence, on the part of appellee, to support the verdict, were it unopposed by that of appellants; and as the jury have given the weight to that of appellee, we feel ourselves bound to regard their finding.

Nor do we find any error in the giving and refusing of instructions. They presented the law of the case fairly to the jury; and those given for appellants were all they had a right to demand. If some of those asked by appellants, and refused, did contain correct legal principles, others which were given embodied the same principles, and their refusal could, therefore, have worked appellants no injury.

Failing to find any error in this record, the judgment of the court below must be affirmed.

*Judgment affirmed.*