## Charles W. Cottew v. John Betz.

1.  WITNESSES—*Credibility of, for the Jury.*—The question of the credibility of witnesses is one solely for the consideration of the jury, who see and hear them testify.

2.  VERDICTS—*On Conflicting Evidence.*—Where the testimony is conflicting, if there is evidence sufficient, if believed by the jury, to sustain their verdict, it will not be disturbed unless it is apparent that they have been actuated by passion or prejudice.

**Assumpsit**, for goods sold, etc. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897.

FOWLER BROTHERS, attorneys for appellant.

WIDMER & WIDMER, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit, brought by appellee against appellant, to recover a balance claimed to be due on an open account, for goods sold and delivered. There was a trial by jury, resulting in a verdict in favor of appellee for $335.76. Appellee entered a *remittitur* as to $48, which being done the court overruled a motion for new trial, and rendered judgment for $287.76.

The only controversy in the case is as to the amount of a certain payment made by appellant, on April 18, 1895; appel-

lant claiming to have paid on that date $450, while appellee insists the amount was only $150. Upon the trial appellant produced a receipt for $450, dated April 18, 1895, signed by appellee, and now contends that the evidence on the part of appellee was not sufficient to overcome it.

As to the amount of this payment there was an irreconcilable conflict in the evidence. If the jury believed the testimony of appellant, the payment was $450. If, on the other hand they believe the appellee, corroborated as he was to some extent by other witnesses and circumstances in the case, then the payment was but $150. The question of the credibility of the witnesses was one solely for the consideration of the jury, who saw them and heard them testify.

There was evidence, sufficient if believed by the jury, to warrant their verdict, and we think this case falls within the rule so often announced by the courts of this State, that when there is evidence from which the jury could properly find their verdict, it will not be disturbed, when the evidence is conflicting, even though it might seem to the appellate tribunal to preponderate against the verdict, unless it is apparent that the jury have been actuated by passion or prejudice. Chicago, R. I. & P. R. R. Co. v. Reidy, 66 Ill. 43; Toledo, W. & W. Ry. Co. v. Moore, 77 Ill. 217; Plummer v. Rigdon, 78 Ill. 222.

We can see no just reason for interfering with the verdict of the jury in this case.

We find no error in the rulings of the court on the admission or rejection of evidence, and no complaint is made of the instructions.

Seeing no sufficient reason for interfering with the judgment it will be affirmed. Judgment affirmed.