## John Sibert, Appellee, v. Shoal Creek Coal Company, Appellant.

1. INSTRUCTIONS—*when must be accurate.* Where the evidence is very conflicting the instructions must be accurate.

2. INSTRUCTIONS—*abstract.* It is error to give an abstract instruction in an action for personal injuries which ignores the question of plaintiff's duty to use reasonable care for his own safety, relates only to generalities and does not enlighten the jury in any manner on the issues involved in the case but tends to confuse them.

3. MASTER AND SERVANT—*what instruction erroneous.* In an action for personal injuries, it is error to give an instruction which omits the question of plaintiff's duty to use due care and permits a recovery for the combined negligence of a fellow-servant and the master, regardless of whether the negligence of the master was the effective cause of or contributed to the injury.

Appeal from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1912. . Reversed and remanded. Opinion filed March 18, 1913.

W. B. McBRIDE, for appellant; MILLER & DAVID and MASTIN & SHERLOCK, of counsel.

HILL & BULLINGTON and LANE & COOPER, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff was in the employ of defendant, engaged in working on the surface at the tipple and along the switch tracks at defendant's mine. At this mine, as the coal was loaded into the cars, the slack or fine coal was dropped from the screen to cars on the track at the tipple; this coal was known as duff coal and when . a car was loaded with duff coal it was the duty of the plaintiff to see that it was removed from the position where it was loaded and pushed down the track to the siding for the purpose of shipment. The track upon

which these duff cars were loaded was the one nearest the tipple, another track parallel to it and seven feet from it from rail to rail was known as the wash track. On this wash track opposite the tipple was a set of scales. The cars of coal upon the wash track after having been washed at a point about 125 feet north of the scales, were then run down to the scales to be weighed. It is the contention of plaintiff that he had been informed by his superior officers that all wash cars would be stopped on these scales to be weighed, and that it was the duty of the employees to stop these cars at the scales to be weighed, but that it was the custom of the employees, with the knowledge of the defendant, to run some of these cars over these scales without stopping them to be weighed. This wash track and the duff track ran parallel for about 100 feet and at a point about 125 feet from the tipple were united and then continued as one track.

At the time of the injury plaintiff had started a duff car from the tipple down the duff track, using a pinch bar for starting and after having started it, placed his shoulder against the car and pushed it, to keep it moving down the track. He was walking at the corner of the car next to the wash track and while so doing another car was run down the wash track across the scales without being stopped to be weighed, and at the point where these two tracks united this car, in charge of another employee, collided with the duff car which plaintiff was pushing, caught him between the two cars, he had several ribs fractured and his collar bone broken.

After starting the car at the tipple, plaintiff did not look back along the wash track to see if any cars were approaching on that track, but kept his eyes upon the ground in front of him as he pushed the duff car. He wore a heavy cap which pulled down over his ears, thus preventing him from hearing clearly. Before he

started the duff car with the pinch bar, he looked back along the wash track and saw no cars thereon.

Plaintiff recovered a judgment against defendant for $1,500, from which it appeals.

The declaration, in numerous counts, charges defendant with failing to provide plaintiff with a reasonably safe place in which to work, with the failure to provide rules for the proper guidance and conduct of the work to be performed by the servants, with a failure to enforce rules which had been made for their guidance and control, with a failure to provide safe machinery and appliances for the doing of the work, with a failure to inform ignorant and unskilled servants with the dangers connected with this work, a failure to use reasonable care not to expose plaintiff to unnecessary injury, a failure to employ reasonably competent persons for the prosecution of its business and work, and that the president negligently and carelessly directed the servant in charge of the car upon the wash track which collided with plaintiff and the duff car which he was pushing to run said wash car across the scales and down the track without having it stopped to be weighed, in violation of instructions which plaintiff had received that all cars would be stopped upon these scales.

For the reason that this judgment must be reversed and the cause remanded for another trial by reason of errors committed by the trial court in the giving and refusing of instructions, we refrain from making any comment as to what facts have been proven or have not been proven or whether the evidence is sufficient to maintain the verdict. The evidence upon questions of fact in the record is very conflicting and close, and where such is the case, the instructions to the jury must be accurate or the judgment must be reversed.

The second instruction given at the request of plaintiff is an abstract proposition of law; while it is not always error to give an abstract proposition of law,

where it is applicable to the case and states the rule of law correctly, this instruction relates only to generalities and does not give the jury any directions or enlighten them in any manner upon the issues involved in this case and only tended to confuse them; this instruction also ignored the question of the duty of the plaintiff to use reasonable care and caution for his own safety.

The third instruction attempts to tell the jury the law applicable where an injury is occasioned by reason of the combined negligence of the master and a fellow-servant. It does not contain a correct statement of this principle, as it permitted a recovery for the combined negligence of a fellow-servant and the master regardless of whether or not the negligence of the master was the effective cause of or contributed in producing the injury. This instruction also omits the question of due care upon the part of the plaintiff.

Defendant's first, second, fourth and seventh refused instructions contain correct propositions of law applicable to each count of this declaration, and they should have been given to the jury. No other instructions were given containing the law as laid down in these instructions, and they are well recognized principles applicable to this case and defendant was entitled to have the jury instructed as therein requested; it was error to refuse each of these instructions.

The questions of fact involved in this case as to whether or not the defendant had provided any rules for the guidance of its employes, and whether or not any rules as contended for were necessary for their guidance, whether any directions at all had been given plaintiff and if given him whether they were violated by the direct order of the president of the company, or whether the rules, if any were promulgated, were violated by the customary and ordinary conduct of the business, with the knowledge of the defendant, and the question as to whether or not plaintiff knew of the

habitual violation of these rules and was fully cognizant thereof, and if so whether he assumed the ordinary risks of such violations by continuing in the employ of the defendant after knowledge thereof, are questions raised upon this record; and the evidence upon the questions of fact is so close and conflicting that it brings the case clearly within the rule requiring that the jury must be accurately instructed.

For the errors indicated in the giving and refusal of instructions, the judgment is reversed and the cause remanded.

*Reversed and remanded.*