474        APPELLATE COURTS OF ILLINOIS.

Helen May Culver and Chicago Title & Trust Com-
pany, Coadministrators, Appellants, v. Charles S.
Harris, Appellee.

Gen. No. 23,789.

1. EVIDENCE, § 232*—*when exclusion of coroner's verdict in ac-
tion for death of driver of vehicle in collision with automobile is.
proper.* In an action to recover for the death of one killed by the
collision of a vehicle, which he was driving, with defendant's auto-
mobile, it is proper to exclude from evidence the verdict of the
coroner's jury which found that the automobile was run at an
exceedingly high and dangerous rate of speed and that defendant
was guilty of gross and criminal carelessness amounting to man-
slaughter and recommended that he be held to the grand jury on
a charge of manslaughter, as such verdict exceeded the jury's
authority by finding upon evidentiary facts.

2. DEPOSITIONS, § 23*—*what is proper practice as to use of taken
at coroner's inquest.* In an action to recover for wrongful death,
depositions of witnesses taken before the coroner at the inquest
are inadmissible as original testimony, but the proper practice is
to use the depositions in the cross-examination of the witness
and then, if it appears that his testimony is different from his
depositions, the latter may be read.

3. AUTOMOBILES AND GARAGES, § 3*—*when instructions on effect
of violation by driver of vehicle of speed and light ordinances are
erroneous.* In an action to recover for the death of one killed by
a collision between his vehicle and defendant's automobile, instruc-
tions as to the effect of the violation by plaintiff's intestate of ordi-
nances regulating the speed of horse-drawn vehicles and the lights
to be used on such vehicles, *held* erroneous and misleading where
there was no evidence of a violation of the speed ordinance and
the evidence showed that the presence or absence of lights on the
vehicle could not have affected the accident.

4. AUTOMOBILES AND GARAGES, § 3*—*when instruction on contribu-
tory negligence in violating ordinance as to turning corners to
left is erroneous.* In an action to recover for a death resulting
from a collision between a vehicle driven by deceased and defend-
ant's automobile, it is error to give an instruction that if the jury
believed from the evidence that at the time of the accident the
deceased was violating an ordinance regulating the manner in
which vehicles shall proceed in turning corners to the left and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

that such violation was negligence which proximately contributed to the accident, then they should find for the defendant, as thereby there is an assumption that the violation of the ordinance was conclusive of the fact that deceased was negligent, instead of being, at the most, mere prima facie evidence thereof.

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed June 19, 1918.

BUSCH, LIESSMANN & ROEMER, for appellants; ALFRED E. BARR, of counsel.

IVOR JEFFREYS, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs, as administrators of the estate of Louise Nay, deceased, brought an action against Charles S. Harris to recover for the wrongful death of the deceased under chapter 70, Rev. St. (J. & A. ¶ 6184 *et seq.*). The case was tried before the court and jury, there was a verdict and judgment in favor of the defendant, to reverse which plaintiffs prosecute this appeal.

The record discloses that on Sunday evening, October 11, 1914, at about 8 o'clock, the deceased was driving a one-horse surrey north in Clark street. As she reached Pratt boulevard, an east and west street, she started to drive west in the boulevard, and as she did so the defendant, who was driving an automobile, was coming south in Clark street. The automobile collided with the surrey, the deceased was injured and as a result thereof died a few days afterwards. There was a double track street car line in Clark street. The deceased was driving north in Clark street east of the east or northbound track. There were four young people riding in the surrey with the deceased. After a northbound street car had passed the surrey, the

deceased started to turn west across the tracks at the intersection of Pratt boulevard and Clark street. The automobile was coming south on the west side of the southbound track, being driven by the defendant, and there was a collision between the automobile and surrey, which resulted in the death of the deceased.

The theory of the plaintiffs was that the surrey did not turn west across the tracks until it had passed the center of the street intersection, while the theory of the defendant was that the surrey proceeded across the tracks at the south side of Pratt boulevard, appearing suddenly from behind the street car and but a few feet in front of the automobile. Since we have reached the conclusion that there should be a new trial, we do not express any opinion as to the weight of the evidence.

Complaint is made of the refusal of the court to admit in evidence the verdict of the coroner's jury. The verdict found that Louise Nay came to her death from the effects of injuries received "when one horse surrey owned and driven by deceased, was struck by 'Cadelac' automobile owned and operated by Charles S. Harris, southbound, at the intersection of Clark street and Pratt Blvd., at about 8 p. m., October 11th, 1914.

"We find automobile was run at an exceedingly high and dangerous rate of speed and that said Charles S. Harris was guilty of gross and criminal carelessness amounting to manslaughter, and recommend that he be held to the Grand Jury upon a charge of manslaughter, until discharged by due course of law."

We have carefully considered this question, and while it is not free from difficulty, we are of the opinion that the verdict was properly excluded. The Supreme Court has held that when the verdict of a coroner's jury is properly filed with the clerk of the Criminal Court in Cook county and with the clerk of the Circuit Court in other counties of the State, it becomes a public record and as such is competent evidence to be

considered as tending to prove any matter properly before the coroner, which appears on the face of the inquest. *Novitsky v. Knickerbocker Ice Co.*, 276 Ill. 108. In that case the verdict found that the deceased came to his death by being crushed under the wheels of a wagon owned by the defendant, and then proceeded to censure the street car company for blockading the street with cars. It was held that the verdict was inadmissible, as the censure of the street car company exceeded the province of the coroner's jury, and that their duty was to determine whether there was probable cause for believing a crime had been committed, etc. The court there said (108): "Had the jury believed, from the testimony before it, that Martin Johnson, the driver, or anyone else, was criminally liable for the death of the boy, it would have been its duty to so find, and that would have been a proper finding to make. It is not within the province of the coroner's jury to fix the civil liability of anyone growing out of an accident resulting in the death of an injured person, except in so far as the finding required by the statute to be made may have such effect."

In *Devine v. Brunswick-Balke-Collender Co.*, 270 Ill. 504, it was held that the verdict of a coroner's jury, which, after finding that the deceased came to his death from injuries received by being struck and thrown to the ground by an auto supply car owned by the defendant and driven by one Foy, found from the testimony that Foy "was blameless for this unfortunate occurrence, and we therefore recommend his discharge from further custody," was admissible in evidence. The court there said (512): "The question as to whether or not Foy was blameless of the accident was an essential matter before the coroner's jury for their investigation and a proper matter to be included in their verdict and as such to go to the jury."

The question before us, therefore, is whether the coroner's jury in the instant case exceeded their prov-

ince when they found that the automobile was run at an exceedingly high and dangerous rate of speed and that the defendant was guilty of gross and criminal carelessness amounting to manslaughter, and recommended that he be held to the grand jury upon a charge of manslaughter. If the jury, after finding the manner in which the deceased came to her death had further found that the defendant should be held to the grand jury upon a charge of manslaughter, this would manifestly be proper under the authority of the *Devine* case, *supra,* where they found the driver of the wagon blameless, but we think the jury exceeded their authority when they purported to find that the automobile was run at an exceedingly high and dangerous rate of speed, and that the defendant was guilty of gross and criminal carelessness, as this was a mere evidentiary fact. *Foster v. Shepherd,* 258 Ill. 164.

Plaintiffs also contend that it was error to exclude the depositions of witnesses taken before the coroner at the inquest—that they should have been admitted for the purpose of impeachment. What the depositions contained does not appear in the record, so that we are unable to say whether they would in any way tend to impeach the testimony of the witness given on the trial. But in any event we think the offered testimony was properly excluded. Counsel, when the offer was made, said, "I will offer certain excerpts here." We think the proper way would have been to use such portions of the depositions in the cross-examination of the witness, and then if it appeared that the witness' testimony was different from that contained in the depositions, such questions and answers might have been read. The depositions were not admissible as original testimony. *Knights Templars & Masons' Life Indemnity Co. v. Crayton,* 110 Ill. App. 648; *Pittsburgh, C. & St. L. Ry. Co. v. McGrath,* 115 Ill. 172.

Complaint is made of instructions 26, 27 and 28, given at the request of the defendant.

Instruction 26 told the jury that the ordinances of the City of Chicago prohibited under penalty the driving of any horse at more than 4 miles an hour in turning any corner and in crossing any street intersection, and that if the jury believed that the deceased was "riding in a surrey which was being driven in violation of said provision of said ordinances, and that such violation, if any, was participated in by plaintiff, Lillian Mabel Nay, and said intestate, Louise Nay, and was negligence which proximately contributed to the alleged accident in question, then the plaintiffs cannot recover and you should find the defendant not guilty."

Instruction 27 was in the same language, except that the ordinance referred to provided that vehicles, during certain hours, should carry at least one lamp, etc. Instruction 28 was also in the same language, except that the ordinance referred to provided that vehicles in turning corners to the left shall pass to the right of the intersection of the two streets.

Each of these instructions directed a verdict in case the jury found that the deceased had violated the ordinance. It is contended that there was no evidence as to the speed at which the horse was being driven at the time of the accident, except that it was a slow trot. There is no testimony as to how many miles per hour the horse was traveling at the time. At most the evidence is that the horse was being driven on a slow trot, and after a careful consideration of all the evidence in the record we are of the opinion that there was no evidence that would warrant the conclusion that the ordinance was being violated. As to whether there were lights on the surrey, witnesses testified on behalf of plaintiffs that there were two lamps burning, and a witness testified on behalf of the defendant that he did not notice any lights on the surrey, and from the evidence offered on behalf of the defendant, viz.: that the surrey was not seen until it emerged from the rear of the street car, at which time the automobile was

only a few feet distant, it is clear that the question of lights or the absence of lights on the surrey had nothing to do with the accident. We are therefore of the opinion that instructions 26 and 27 were erroneous and misleading and should not have been given. There was evidence, however, that would warrant the giving of instruction 28. Further, there is an ambiguity in the three instructions mentioned, where the jury were told that if they believed from the evidence that at the time in question the deceased was violating the ordinances, "and was negligence which proximately contributed to the accident in question," then the verdict should be for the defendant. There is at least an assumption that the violation of the ordinance was conclusive of the fact that the deceased was negligent, while the most that could be said is that it was only prima facie evidence of that fact. *United States Brewing Co. v. Stoltenberg,* 211 Ill. 531.

Complaint is made of the giving of other instructions on behalf of the defendant, but we think these questions can be obviated on a retrial of the case.

Defendant contends that the record does not disclose that it contains all of the instructions given and refused, and exception taken by the plaintiffs, that for aught that appears other instructions may have been given which cured the errors, if any, in those complained of. The record in this case is very inartificially prepared, and the abstract is even more so, but we think it is sufficient to preserve the points made. The instructions complained of directed a verdict and therefore could not be cured by other instructions.

The judgment of the Superior Court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*