(No. 19304.—)
THE SPRING CREEK DRAINAGE DISTRICT, Appellant, *vs.* JOHN GREENAWALT, Appellee.

*Opinion filed April 20, 1929—Rehearing denied June 7, 1929.*

V. A. PARISH, for appellant.

HUNTER & MINOR, for appellee.

Mr. JUSTICE DIETZ delivered the opinion of the court:

This is an appeal from a judgment entered by the county court of Kankakee county upon the verdict of a jury vacating a supplemental assessment levied in 1926 for current expenses and for the balance of an additional assess-

ment for repairs and expenses laid in 1923, both under section 37 of the Levee act, against a tract of land comprising 160 acres owned by the appellee. This land is located within the Spring Creek Drainage District, which was organized under the act in 1896.

The appellant contends that the trial court erred (1) in instructing the jury not to consider as evidence the assessment roll, setting forth such additional assessment; (2) in instructing the jury to limit their consideration of benefits to those derived "from the work done in the proceeding to clean out the ditch in 1923;" and (3) in prematurely permitting the jury to view the premises before the close of the trial.

The material part of the instruction of which appellant first complains is as follows: "You are instructed by the court that you are not to consider as evidence in this case the amount set forth in the assessment roll as benefits to the Greenawalt land." At the request of the appellant the court gave a similar instruction, the material portion of which is as follows: "You are instructed that the 1923 assessment roll is not evidence as to the amount of benefits which should be assessed against the land in question." Both of these instructions refer to the same assessment roll and the portions thereof above quoted are substantially the same. A party cannot complain of an erroneous instruction where his own instruction is subject to the same criticism. *Springer* v. *City of Chicago,* 135 Ill. 552; *McInturff* v. *Insurance Company of North America,* 248 id. 92; *Harney* v. *Sanitary District,* 260 id. 54.

The next instruction complained of directs the jury to limit their consideration of benefits to those derived "from the work done in the proceeding to clean out the ditch in 1923." The appellant contends that this instruction is erroneous because it did not permit the jury to take into consideration the expenses incurred in such work. There

was no competent proof of such expenses. The only evidence of the appellant in chief consisted of the petitions filed in 1923 and 1926, a map of the district, and the additional and supplemental assessment rolls. Neither of these assessments rolls, nor the map, sets forth any of such expenses. The petitions did, but these were not competent proof of such expenses. The assessment rolls were competent proof because made so by statute, but the petitions are not. The evidence of the appellant in rebuttal is confined solely to benefits "from the work done in the proceeding to clean out the ditch in 1923," and it was therefore not improper to give this instruction, which limited the consideration of the jury to such benefits.

At the request of the appellant the court directed the jury to view the premises. This took place at the close of all the evidence and before the arguments and instructions to the jury. The appellant now contends that the jury were thus permitted to view the premises prematurely, and that they should not have been allowed to do so until at the close of the trial. The jury were sent out at the request of the appellant. This request was made at the close of the evidence and not at the close of the trial. Furthermore, the record shows that at that time the appellant made no objection and took no exception to this procedure. On the contrary, this was done at its request and with its acquiescence. Under these circumstances the point, if otherwise well taken, must be regarded as having been waived. *City of Joliet* v. *Looney*, 159 Ill. 471; *Kankakee and Illinois River Railroad Co.* v. *Chester*, 62 id. 235; *Stump* v. *Dudley*, 285 id. 46; *Gorden* v. *Gorden*, 283 id. 182.

There is no reversible error in the record. The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*