Francis Price, Appellant, v. Illinois Bell Telephone Company et al., Appellees.

Gen. No. 36,290.

Opinion filed March 6, 1933.

WALTER A. BRENDECKE, for appellant.

CUTTING, MOORE & SIDLEY, for appellee Illinois Bell Telephone Co.; KENNETH F. BURGESS, JAMES F. OATES, JR., and RALPH F. HIMMELHOCH, of counsel.

KIRKLAND, FLEMING, GREEN & MARTIN, for appellees Four Wheel Drive Auto Co. and Robert W. Pachaly; DAVID JACKER and WILLIAM H. SYMMES, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, while riding in an automobile as a guest, was injured through a collision with a truck; he brought suit and upon trial the court directed a verdict against him on the ground that the evidence showed

that the automobile did not have two lamps in front casting sufficient light to comply with section 16 of the Motor Vehicle Act, Cahill's St. ch. 95a, ¶ 17, and hence he was guilty of contributory negligence. Plaintiff appeals from the adverse judgment.

It is too well established to require citation that on a motion to direct a verdict all of the evidence, together with reasonable inferences therefrom tending to support plaintiff's claim, must be assumed as proven.

The accident happened on 22nd street, which runs east and west in Chicago, between 4:30 and 5 o'clock on a dark morning, October 8, 1929; the automobile in which plaintiff was riding belonged to and was driven by Joseph Terrese; the two men were returning from a business errand and were going east on 22nd street; a large truck consisting of a platform with stakes was standing on 22nd street on a slant, facing southeasterly and extending from close by the south curb to within two or three feet of the south street car track on 22nd street; it was about 75 to 100 feet east of the only street light in a distance of 533 feet on the south side of 22nd street, and this street light had only a small bulb or globe; the truck had no light on it; it was very dark and the truck, being without any body, was difficult to see. Plaintiff was sitting on the right-hand side; they drove along on the south side of 22nd street between the curb and the street car track with dimmed automobile lights burning, with which, Terrese testified, he could see 25 to 30 feet in front.

After they had passed a street light and were in the dark shadows they suddenly saw the truck parked in the roadway about 25 or 30 feet away; plaintiff called "look out"; at this time the automobile was going about 15 or 20 miles an hour, and Terrese says he could have stopped within 25 or 30 feet; but he attempted to go around the truck by turning to the north,

expecting to clear it, but, when too late, he saw that the truck extended so far into the street that he could not clear it, and the right front of the automobile and the left rear corner of the truck collided. Plaintiff was crushed and became unconscious; the pelvic bone was broken and the hip dislocated; his injuries were said to be permanent.

It is not controverted that the question of the negli-gence of the parties responsible for leaving the truck unlighted in the street was a question of fact to be determined by the jury.

Section 16, of the Illinois Revised Statutes (1929), Cahill's St. ch. 95a, ¶ 17, provides that every motor vehicle upon the public highway shall during the night-time carry "two lighted lamps showing white lights, or lights of a yellow or amber tint, visible at least two hundred (200) feet in the direction toward which each . . . motor vehicle is proceeding." As plaintiff had testified that his headlights were dimmed, with which he could see 25 to 30 feet ahead, the court held that he was violating this statute, and hence as a matter of law was guilty of contributory negligence. Defend-ants seek to support this ruling by the decision of this court in *Johnson v. Gustafson*, 233 Ill. App. 216. In that case the trial court gave an instruction to the effect that this statute did not mean that such lights must be of such power as to light up the road for a distance of 200 feet in front of the automobile or for any other distance; that the statute only required lamps which a person coming from the opposite direc-tion could see at a distance of 200 feet. This court held that this instruction was erroneous; that such lights are not only for the benefit of those who are approaching from the opposite direction, "but also to enable those in driving the car to avoid accidents." This has been the construction of similar statutes in other States. *Elrich v. Schwaderer*, 251 Mich. 33; *Frazier v. Hull*, 157 Miss. 303. See also 1 Berry, Auto-

mobiles (6th ed.) 198; Blashfield's Cyc. of Automobile Law, page 385. We adhere to this construction and in a proper case would hold that the violation of this statute constituted contributory negligence as a matter of law.

However, it is an established principle that the violation of a statute will not defeat recovery unless the violation, considered in connection with all the other facts and circumstances surrounding the case, establishes that plaintiff was negligent and that such negligence proximately contributed to the injury. A violation of the statute is only prima facie evidence of negligence. *United States Brewing Co. v. Stoltenberg,* 211 Ill. 531; *Commonwealth Electric Co. v. Rose,* 214 Ill. 545; *Miller v. Burch,* 254 Ill. App. 387, and the many cases cited in this last case. Applying this rule to the facts before us, we are of the opinion that the jury should have been permitted to pass upon the question of whether or not plaintiff was guilty of contributory negligence.

Here are two men riding on a public lighted street in Chicago at a time when, in all probability, there was very little if any traffic on the street; they are proceeding in their proper place on the street with no reason to anticipate that there would suddenly loom out of the shadows an unlighted vehicle squarely obstructing the roadway. Whether or not, under the circumstances, the driver of the automobile would be expected, in the exercise of due care, to keep his lights fully turned on, is a question which should be presented to the jury. It also should be noted that according to Terrese's testimony he first saw the truck at a distance within which he could have stopped without colliding, but naturally he attempted to go around the truck and evidently miscalculated as to the distance the corner of the truck extended toward the center of the street.

Even if Terrese should be considered negligent (upon which we express no opinion) it does not follow that plaintiff, a passenger guest, was negligent. Plaintiff is responsible for his own conduct, and the negligence of Terrese cannot be imputed to him. *Flynn v. Chicago City Ry. Co.*, 250 Ill. 460; *Nonn v. Chicago City Ry. Co.*, 232 Ill. 378; *Eckels v. Nuttschall*, 230 Ill. 462. Plaintiff was watchful, as indicated by his warning cry as soon as the truck became visible. The only thing which it is claimed constituted contributory negligence was the fact that he was riding in an automobile belonging to another which did not have lights sufficiently bright to disclose objects in front for a distance of 200 feet away. It cannot be said, in view of all the surrounding circumstances, that all reasonable minds would agree that in so doing plaintiff negligently contributed to the accident. The evidence presented a case for the jury and the peremptory instruction should not have been given.

The defendant Illinois Bell Telephone Company filed a special plea admitting ownership of the truck but denying possession and operation; defendant Robert W. Pachaly, doing business as Four Wheel Drive Auto Company, filed a plea of nonownership, nonpossession and nonoperation. Defendant Four Wheel Drive Auto Company, a corporation, admitted possession and operation. The record supported the pleas of the first named defendants, and plaintiff in this court concedes this. So that while the judgment in favor of these two defendants is correct, it must be reversed as to the defendant Four Wheel Drive Auto Company, a corporation. Defendants argue that since the judgment is proper as to two of the defendants and the judgment is a unit, it must be affirmed as to all defendants, citing *Livak v. Chicago & Erie R. Co.*, 299 Ill. 218, and other cases. Where a judgment is against several defendants it cannot be reversed as to one or

more and affirmed as to the others, however desirable such a practice might be. In the old case of *McDonald v. Wilkie*, 13 Ill. 22, which is relied upon in *Livak v. Chicago & Erie R. Co.*, it was held that as a judgment with reference to several defendants is an entirety, they must therefore stand or fall together, and that where a judgment is in favor of all the defendants and erroneous as to one, it must be reversed as to all. If the evidence adduced upon the second trial is substantially the same with reference to the possession and operation of the truck, either the plaintiff should dismiss as to all the defendants except the Four Wheel Drive Auto Company, a corporation, or the court should instruct the jury to find for the other two defendants.

Pleas of the statute of limitations were filed on behalf of two of the defendants, which asserted in substance that in view of the fact that the accident happened October 8, 1929, and suit was commenced as to these two defendants on October 8, 1931, the two years' limitation had run; demurrers were filed to these pleas and sustained by the court, and defendants elected to stand by their pleas.

Defendants present the case of *Irving v. Irving,* 209 Ill. App. 318, in support of their contention that the last day of the two-year period expired on October 7. In that case we were considering the statute then in force which provided that when a divorce has been granted, neither party shall marry again within one year from the time the decree is granted. We there held that paragraph 11, section 1, chapter 131, did not apply. This statute provides that "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it also shall be excluded." Cahill's St. ch. 131, ¶ 1, subpar. 11. Following the many decided cases, we hold that by

excluding the day on which the accident happened, the day suit was commenced against these two defendants, October 8, 1931, was within the statutory two-year period. *Chung v. Blue Island Oil Products Co.,* 336 Ill. 439; *Colonial Mut. Fire Ins. Co. v. Ellinger,* 112 Ill. App. 302; *Pugh v. Reat,* 107 Ill. 440. The distinction between computation from an act done, and computation from a day and not from the act done, seems not to be recognized in most jurisdictions. ''The tendency of recent decisions is very strongly toward the adoption of a general rule which excludes the day as the *terminus a quo* in such cases. And in some jurisdictions it is so provided by statute.'' 37 C. J. 1054.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT and O'CONNOR, JJ., concur.