Florence S. Tuttle, Appellee, v. Checker Taxi Company and Frank Fluckiger, Appellants.

Gen. No. 37,426.

526

Heard in the first division of this court for the first district at the April term, 1934. Opinion filed April 30, 1934.

ERWIN W. ROEMER and JOHN W. COSTELLO, for appellants.

ROYAL W. IRWIN, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by defendants from an order of the trial court granting a new trial.

Plaintiff sought to recover compensation for personal injuries, and upon trial by a jury defendants were found not guilty; plaintiff's motion for a new trial was allowed; defendants, moving under section 77 of the Civil Practice Act, in force January 1, 1934, Cahill's St. ch. 110, ¶ 205, petitioned this court for leave to appeal from this order, which leave was granted; briefs were filed by both sides and oral argument heard.

A question of practice in appeals of this sort is presented. The plaintiff contends that the appeal must be dismissed as the statute provides that leave to appeal must be granted within 30 days after the entry of the order allowing a new trial.

January 11, 1934, the order granting a new trial in this case was entered; February 7th, the record was filed in this court, and on the same day the defendants applied for an extension of time within which to apply for leave to appeal, and on February 9th they were allowed 15 days to file such application and their petition for leave to appeal was filed February 23, 1934. Plaintiff filed an answer, and on March 7th the petition for leave to appeal was allowed and defendants were granted leave to file a further brief 15 days from

March 7th; subsequent briefs were filed, the last one on April 23rd by the plaintiff, when the case was called for oral argument.

Section 77 is in part as follows:

"Appeals shall lie to the Appellate or Supreme Court, . . . to revise the final judgments, orders or decrees . . . under such limitations and conditions as may be imposed by law and subject to such rules of court as may be established and promulgated under this chapter. An order granting a new trial shall be deemed to be a final order, but no appeal may be taken therefrom, except on leave granted by the reviewing court, or by a judge thereof in vacation within thirty days after the entry of the order, on motion and notice to adverse parties."

Plaintiff says that the statute contemplates that leave to appeal must be granted by the reviewing court within 30 days after the entry of the order awarding a new trial, and that although this court has by rule provided for an extension of the time for filing the transcript of record and for granting leave to appeal (Rule 20), that this rule is in contravention of the statute and therefore void.

Section 79 of the Practice Act, Cahill's St. ch. 110, ¶ 207, provides that the Supreme Court may, by rules, "regulate and determine the practice and procedure by which cases shall be reviewed in the Appellate and Supreme Court, . . . the time within which any act may be done, . . . the form, contents, filing and service of records and briefs, and all other matters of practice in connection with the review of cases."

Pursuant to this authority the Supreme Court passed rules of practice and procedure, among which is Rule 30, touching an "Appeal from order granting new trial." This rule provides among other things that when the petition for leave to appeal is served and filed, and proof of service made, "The opposite party

may file an answer within ten days after the petition is served upon him," and further: "Upon notice and motion, made within 30 days after the entry of the order granting the new trial, the reviewing court, or any judge thereof in vacation may extend the time for filing the transcript of record and the abstract, and for the granting of leave to appeal." This rule is the construction by the Supreme Court of sections 77 and 79 of the Practice Act, and controls not only that court but also the Appellate Court. Rule 20 of this court is virtually a copy of Supreme Court Rule 30.

The extensions in the instant case complied with the authorized rules of the Supreme Court and of this court and the appeal is properly before us. If there seems to be some conflict between the statute (section 77) and these rules, we should bear in mind the statement of Mr. Justice Holmes in *Bain Peanut Co. v. Pinson,* 282 U. S. 499, 501, where he says: "The interpretation of constitutional principles must not be too literal. We must remember that the machine of government would not work if it were not allowed a little play in its joints."

Plaintiff stepped into the street from the east curb of State street at a point approximately 100 feet south of the south line of Madison street; she intended to board a north-bound standing street car which was held up by the red light at Madison street; she passed between two north-bound automobiles standing next the east curb, and as she emerged into the second lane of north-bound traffic she was struck by or collided with defendants' cab, north-bound in the second lane of traffic; she was thrown to the street and injured.

The record shows that the trial court granted a new trial because he was of the opinion that defendants' instruction No. 15 given to the jury was prejudicially erroneous. Whether this was so, necessitating a new trial, is the question presented to this court. This instruction is as follows:

"The court instructs the jury that an ordinance of the City of Chicago provides in part as follows:

" 'At no place shall a pedestrian cross any roadway other than by the most direct route to the opposite curbing, and when crossing at any place other than a crosswalk shall yield the right of way to all vehicles upon the roadway.'

"You are further instructed that if you believe from a preponderance of the evidence, under the instructions of the court, that the plaintiff at the time of receiving the injuries herein complained of was crossing the roadway on State street at a place other than a crosswalk and that the taxicab of the defendants was then approaching the plaintiff and had not come to a stop and that she, the plaintiff, did not yield the right of way to defendant's automobile, and that as a direct and proximate result thereof she was injured, then you should find the defendants not guilty."

The instruction is erroneous in many particulars. The ordinance incorporated in the instruction was not in force at the time of the accident; this had been repealed before the accident happened.

Defendants say that the ordinance was inadvertently included in the instruction and argue that the actual ordinance in force would have benefited them more than the one presented to the jury in the instruction. This is a matter for argument. In any event, we cannot approve of an instruction which tells the jury that the ordinance set forth was in force at the time of the accident, which was not the fact.

The instruction is also objectionable in that it in effect tells the jury that if plaintiff did not yield the right of way to defendants' cab and because of this was injured, she could not recover. It ignores the rule that both pedestrians and drivers of automobiles on the public streets are required by law to use care to avoid accidents. Drivers of automobiles on the streets must use ordinary care for the safety of pedestrians.

The ordinance which was in force at the time of the accident provides that under like circumstances the operator of a vehicle shall not be relieved from the duty to exercise due care. (Traffic Code of July 30, 1931, Art. IV, sec. 15[d]; *Fickerle v. Seekamp*, 274 Ill. App. 310; *Hathaway v. Shannon*, 265 Ill. App. 600; *Chicago City Ry. Co. v. Tuohy*, 196 Ill. 410.)

The instruction was also erroneous in that it did not tell the jury under what circumstances the automobile had the right of way. There might be a number of circumstances, such as the speed of the automobile, the gait at which plaintiff was walking, her distance away from the automobile at the time she was attempting to cross the roadway, which would determine the right of the vehicle to proceed.

The instruction is also objectionable in that it ignores the rule, stated in many cases, that the violation of an ordinance is only prima facie evidence of negligence. *Jeneary v. Chicago & Interurban Traction Co.*, 306 Ill. 392; *United States Brewing Co. v. Stoltenberg*, 211 Ill. 531; *Commonwealth Elec. Co. v. Rose*, 214 Ill. 545; *Price v. Illinois Bell Tel. Co.*, 269 Ill. App. 581; *Culver v. Harris*, 211 Ill. App. 474.

The instruction directed a verdict, and errors it contains are not cured by other instructions.

Defendants argue that the sole question presented to the jury was whether defendants' cab was standing still at the time plaintiff left the curb and emerged from between the two automobiles in the east or first lane of traffic, and that the instruction is conditioned on the belief of the jury that the cab had not come to a stop but was "coasting," as defendants claim. While the instruction does contain this condition, this is only incidental to the whole tenor and character of the instruction, which is, as we have said, predicated upon the alleged superior rights of the vehicle, regardless of the circumstances, and would tend to lead

the jury to believe that the driver of the vehicle was relieved from exercising any care whatever to avoid colliding with the plaintiff.

We are of the opinion that it was prejudicial error to give the instruction in question, and that because of this the court properly ordered a new trial. This order is therefore affirmed and the case should be retried.

*Order affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.