Allied Cab Company, Appellant, v. Walter E. Hopkins, Appellee.
Walter E. Hopkins, Counterclaimant Appellee, v. Allied Cab Company, Counterdefendant Appellant.
Emma Marchetti, Plaintiff, v. Walter E. Hopkins, Defendant.

Gen. No. 9,459.

266

Heard in this court at the February term, 1945. Opinion filed February 28, 1945. Released for publication March 27, 1945.

HERMAN H. COHN and C. A. LIVINGSTONE, both of Springfield, for appellant; C. A. LIVINGSTONE, of Springfield, of counsel.

DAVISON & DAVISON, of Springfield, for appellee.

MR. JUSTICE HAYES delivered the opinion of the court.

The Allied Cab Company brought suit in the circuit court of Sangamon county against Walter E. Hopkins for damages to its property resulting from a collision between one of its taxicabs and a car driven by

Hopkins. Hopkins thereafter filed a counterclaim for damages, for personal injuries, and damages to his car. Before trial this cause was consolidated with another suit arising out of the same occurrence between Emma Marchetti, the passenger in the cab in question, and Hopkins. Trial was had before a jury who found Hopkins not guilty in both cases and awarded him a verdict for fifteen hundred dollars on his counterclaim against the cab company. Emma Marchetti prevailed on a motion for a new trial in the circuit court; a similar motion by the Cab Company was overruled and it has appealed to this court.

The Cab Company first contends that the verdicts of the jury finding Hopkins not guilty of the charges in the complaint and finding it guilty of the negligence alleged in his counterclaim are not supported by the evidence. The Cab Company sought to prove at the trial that Hopkins made a left turn directly in front of one of its cabs in violation of certain statutes of the State of Illinois and ordinances of the City of Springfield. Hopkins, on the other hand, contended that he drove to the center of the intersection and during a pause and before turning left was struck by one of the company's vehicles. There is evidence in the record supporting the allegations of both complaint and counterclaim and we believe the trial court correctly submitted the issues involved to a jury. Although the case is a close one on the facts, we cannot say the verdict is against the manifest weight of the evidence.

The Cab Company also challenges certain instructions given in behalf of Hopkins by the trial court. Some of these instructions were given to guide the jury in deciding the issues between Hopkins and Emma Marchetti; the balance were directed to the controversy between Hopkins and the Cab Company. We do not believe that the first group of instructions can be reviewed on this appeal. While it is true that these instructions were before the jury when it was weigh-

ing the merits of the case between the Cab Company and Hopkins, nevertheless it must be assumed that the jury was able to and did weigh each of the multiple issues before it separately and in the light of the specific instructions applicable thereto.

We do believe, however, that the circuit court erred while instructing the jury on the question of the Cab Company's contributory negligence. The jury was instructed that the "Allied Cab Company cannot recover in this case, if by the failure of the driver of the cab to exercise reasonable care for his own safety, immediately before and at the time of the collision, he contributed to the collision in any degree." An instruction similar to this was condemned in *Schmidt v. Anderson,* 301 Ill. App. 28, 21 N. E. (2d) 825 because it failed to inform the jury that the plaintiff's negligence must have been the proximate cause of the accident before recovery would be barred. For the same reason the instruction before us inaccurately states the law concerning possible contributory negligence on the part of the Allied Cab Company.

While error was committed by the circuit court, we believe the error was harmless in this particular case. An examination of the record discloses that there was given on behalf of the Cab Company the following instruction: "The jury are instructed that if it believes from the evidence that the defendant Walter Hopkins was guilty of any negligence which contributed to any degree to the injuries of which he complains in his counterclaim, then he cannot recover and your verdict as to such counterclaim should be for the plaintiff." Since the Cab Company permitted the court to commit the same error in its behalf as it now complains was made in Hopkin's behalf, it is not entitled to relief. *Slack v. Harris,* 200 Ill. 96; *Harney v. Sanitary Dist. of Chicago,* 260 Ill. 54.

We have carefully examined the remaining instructions to which the Cab Company objects. While

they are not models of clarity we do not believe they state the law of the case inaccurately or in a manner that would tend to confuse a jury, nor do we believe that the forms of verdict returned by the jury are subject to complaint since considered together they accurately indicate the decisions reached.

For the reasons herein stated the judgment of the circuit court of Sangamon county is therefore affirmed.

*Judgment Affirmed.*