480

## Alice Moran, Appellee, v. Charles Gatz, Appellant.
### Gen. No. 43,043.

Heard in the first division of this court for the first district at the April term, 1944. Opinion filed January 7, 1946. Released for publication January 21, 1946.

BARRETT, BARRETT, COSTELLO & BARRETT, of Chicago, for appellant.

Royal W. Irwin, of Chicago, for appellee.

Mr. Justice Niemeyer delivered the opinion of the court.

Defendant appeals from a judgment of $5,000 rendered against him in plaintiff's action for personal injuries sustained when struck by defendant's automobile while crossing 115th street at its intersection with Wentworth avenue in Chicago. This court (324 Ill. App. 45) reversed the judgment, holding that plaintiff was guilty of contributory negligence as a matter of law. The judgment of this court was reversed by the Supreme Court (390 Ill. 478), which held that plaintiff's contributory negligence, if any, was a question of fact for the jury, and remanded the cause with directions to pass upon the other points raised by defendant.

The evidence in the case is stated in our former opinion. The verdict is not against the manifest weight of the evidence. The plaintiff called police officer Hansen and examined him as to physical facts at the scene of the accident, and the weather, etc.; on cross-examination the witness testified that he had talked to Moran, plaintiff's husband, who later testified in her behalf, and that Moran told the officer that he had not seen the accident at all; on redirect examination plaintiff's counsel, over objection of defendant, was permitted to show that the witness had talked to defendant's counsel and a man from his office, and that in his conversation with plaintiff's counsel the witness had not told counsel that plaintiff's husband had stated that he had not seen the accident; on recross-examination the witness stated that he had not been asked about the alleged statement of plaintiff's husband. The purpose of the redirect examination and the effect, if any, of the witness' answers was to weaken or destroy the credibility of the witness, particularly as to

the alleged statement of plaintiff's husband. Having called the officer as her witness the plaintiff could not attack his credibility, even though he was later called or examined as defendant's witness. *People v. Johnson*, 314 Ill. 486. The trial court erred in admitting the testimony, but in view of the character of the witness' answers we do not consider it reversible error.

Plaintiff's action is based primarily on sec. 74 of the Motor Vehicles Act (Ill. Rev. Stat. 1945, ch. 95½, par. 171 [Jones Ill. Stats. Ann. 85.203]), which provides that the driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any crosswalk at an intersection. Defendant contended that plaintiff was not in the crosswalk when struck by defendant's car. The jury was instructed at the request of plaintiff that ". . . on the date of the accident in question there was and is in full force and effect a certain statute of the State of Illinois, in words and figures as follows: 'Where traffic control signals are not in place or in operation the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection.

" 'Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.

" 'Notwithstanding that provision, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary.' " This instruction quotes portions of secs. 74 and 75 of the Motor Vehicles Act. Defendant objects to the instruction as an abstract statement of the law, which virtually told the jury that plaintiff was entitled "to an absolute right of way, peremptorily and without regard to such exigencies of circumstances as the de-

fendant's distance from the plaintiff, the suddenness and unpredictability or deliberation and foreseeability by the defendant of plaintiff's movements and other facts," and "contained the unmistakable implication that, the defendant being under an absolute, instead of a qualified or conditional duty to yield the right of way, his failure to do so was negligence *per se.*"

The general rule governing instructions in the language of the statute is stated in *Deming v. City of Chicago,* 321 Ill. 341, 345, as follows: "Where an instruction is given in the language of a statute which is pertinent to the issues it must be regarded as sufficient. Laying down the law in the words of the law itself ought not to be pronounced error. (*Greene v. Fish Furniture Co.,* 272 Ill. 148; *Mertens v. Southern Coal Co.,* 235 id. 540; *Mt. Olive Coal Co. v. Rademacher,* 190 id. 538.)" However, the giving of such instructions without making them applicable to the facts before the jury has been condemned. In *Mayer v. Springer,* 192 Ill. 270, the court said (275): "The instruction is a purely abstract statement of law, and the giving of such instructions has not been commended, although it is not regarded as error to give one of that character if it has no tendency to mislead. It is the duty of the court to give to the jury, in its instructions, rules of law which are applicable to the evidence in the case, and to make the application so that the jury may understand the relation of the rules to the evidence." *People v. Isbell,* 363 Ill. 264, 268; *Burke v. Zwick,* 299 Ill. App. 558, 561; *Watson v. Kammeier,* 203 Ill. App. 31, 37. Where a modified construction has been placed on a statute by the courts the instruction should be framed accordingly, otherwise it is apt to mislead the jury (*Waterbury v. Chicago, M. & St. P. Ry. Co.,* 207 Ill. App. 375, 380–381), and should not be given (*Burns v. Jackson,* 224 Ill. App. 519, 528–529). In *Riddle v. Mansager,* 254 Ill. App. 68, the giving of an instruction in the language of the statute

(sec. 68 of the Motor Vehicles Act) that motor vehicles traveling on public highways shall give the right of way to vehicles approaching along intersecting highways from the right and shall have the right of way over those approaching from the left, was held to be error, the court saying (72): "The statute does not authorize such assertion of the right of way regardless of circumstances, distance, or speed. It was error to give the instruction without proper qualification. (*Munns v. Chicago City Ry. Co.*, 235 Ill. App. 160; *Heidler Hardwood Lumber Co. v. Wilson & Bennett Mfg. Co.*, 243 Ill. App. 89.)" It has also been held error to instruct the jury in the language of the statute (sec. 49) as to the speed stated in the statute to be *prima facie* evidence of the operation of a motor vehicle at a rate of speed greater than is reasonable and proper, without qualifying the language of the statute. *Barnhart v. Goin*, 266 Ill. App. 591, 594; *Scally v. Flannery*, 292 Ill. App. 349, 353. In *Moore v. Young*, 317 Ill. App. 474, it was held not to be error to refuse an instruction merely quoting sec. 78 of the Motor Vehicles Act relating to the duty of a person walking along and upon improved highways.

 A literal construction of that portion of sec. 74 contained in the instruction before us would give plaintiff an absolute and unqualified right of way at the intersection and impose upon defendant the absolute duty of slowing down, or stopping if need be, to yield such right of way. The Supreme Court does not so construe the statute. In the instant case it says (p. 486): "Our conclusion, from the language of the act and the authorities cited, is that the right-of-way statute does not give a pedestrian, on a crosswalk, the right of way over all vehicles on the street under any and all circumstances. Each case must be considered in the light of the facts and circumstances surrounding it. The pedestrian's right of way is not absolute because both he and the vehicle happen to be on the street

at the same time." However, in the case of *Goldberg v. Capitol Freight Lines, Ltd.*, involving an injury to a pedestrian at a street intersection, this court (314 Ill. App. 347, 361), and the Supreme Court (382 Ill. 283, 294), held that an instruction in the language of the statute (the first paragraph of sec. 74), identical with that portion of the instruction in the present case relating to the rights of a pedestrian crossing the roadway within the crosswalk at an intersection, was not erroneous. This decision is controlling. We therefore hold that the giving of the instruction in the instant case is not error.

The judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., concurs.

O'CONNOR, J., dissenting in part: I am unable to agree with that part of the opinion which approves the giving of the instruction mentioned in the opinion for the reason that I think it is inaccurate and not in accordance with the opinion of the Supreme Court when it reversed and remanded the cause to this court. *Moran v. Gatz*, 390 Ill. 478.