Louis Parkin, Plaintiff-Appellant, v. Robert M. Rigdon, Defendant-Appellee.

Gen. No. 9,917.

Opinion filed March 9, 1954. Rehearing denied April 5, 1954. Released for publication April 5, 1954.

ROBERT WEINER, and WALTER T. DAY, both of Springfield, for appellant.

GILLESPIE, BURKE & GILLESPIE, of Springfield, for appellee; LOUIS F. GILLESPIE, and FREDERICK H. STONE, both of Springfield, of counsel.

MR. PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

This is a personal injury suit growing out of injuries sustained by the plaintiff while crossing Fifth Street in Springfield, Illinois, and being struck by a car driven by the defendant. The plaintiff was a pedestrian. The evidence shows that the street in question is some 40 feet wide, and well lighted at the point of the injury and that there were apparently no obstructions to the view of the motorist or pedestrian. The place where the plaintiff was struck is in dispute, the plaintiff claiming it was in an unmarked crosswalk area and the defendant disputing this point. There is no question that the plaintiff was severely injured. The cause was tried before a jury and the jury brought in a verdict for the defendant. Motion for a new trial was denied and judgment was entered on the verdict of the jury. From that judgment the plaintiff appeals.

The appeal raises three questions as error. 1. That the giving of defendant's instruction No. 17 was error. 2. That the giving of defendant's instruction No. 7 was error. 3. That the court erred in refusing to permit X-ray photographs to be taken by the jury to the jury room during their deliberations.

Defendant's instruction No. 17 was in the following language:

"You are instructed that at the time of the accident in question there was in full force and effect and binding upon the parties hereto, a certain statute of the State of Illinois, providing as follows: 'Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.' You are further instructed that a crosswalk under the law of this State is defined as follows:

588

" '(a) That portion of a roadway ordinarily included within the prolongation or connection of the lateral lines of sidewalks at intersections.'

" '(b) Any portion of a roadway distinctly indicated for pedestrian crossing by lines or other markings on the surface.' You are further instructed that if you believe from the evidence in this case that the Plaintiff, prior to and at the time of said accident, was proceeding across Fifth Street at a point other than within a marked crosswalk, or within an unmarked crosswalk and that such conduct, if any, proximately caused or contributed to cause the accident and the Plaintiff's injuries, then and in such state of proof the Plaintiff cannot recover in this case." Plaintiff objects to this instruction on the ground that it does not correctly state the law with respect to the rights of the pedestrian on the public highway or the duties of a vehicle operator. The instruction correctly quotes part of the statute, but fails to quote subsection (d) of the same section, namely section 172, of chapter 95½ Illinois Revised Statutes, 1951 [Jones Ill. Stats. Ann. 85.204], which is in the following words:

"(d) Notwithstanding the provisions of this section every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway." In the case of *Tuttle v. Checker Taxi Co.,* 274 Ill. App. 525, an ordinance of the City of Chicago to the effect that a pedestrian when crossing at any place other than a crosswalk must yield the right of way to vehicles upon the roadway, was the subject of an instruction which said in effect that if the jury believed from the evidence that the pedestrian had failed to yield the right of way to the vehicle,

and as a proximate result of her failure to yield the right of way to the vehicle, was injured, the pedestrian could not recover. That is almost identical with the instruction in this case, except that here a statute is quoted. The court there held that this instruction was error and in holding it error, said:

"The instruction is also objectionable in that it in effect tells the jury that if plaintiff did not yield the right of way to defendants' cab and because of this was injured, she could not recover. It ignores the rule that both pedestrians and drivers of automobiles on the public streets are required by law to use care to avoid accidents. Drivers of automobiles on the streets must use ordinary care for the safety of pedestrians. . . . The instruction was also erroneous in that it did not tell the jury under what circumstances the automobile had the right of way. There might be a number of circumstances, such as the speed of the automobile, the gait at which plaintiff was walking, her distance away from the automobile at the time she was attempting to cross the roadway, which would determine the right of the vehicle to proceed.

"The instruction is also objectionable in that it ignores the rule, stated in many cases, that the violation of an ordinance is only prima facie evidence of negligence. *Jeneary v. Chicago & Interurban Traction Co.,* 306 Ill. 392; *United States Brewing Co. v. Stoltenberg,* 211 Ill. 531; *Commonwealth Elec. Co. v. Rose,* 214 Ill. 545; *Price v. Illinois Bell Tel. Co.,* 269 Ill. App. 581; *Culver v. Harris,* 211 Ill. App. 474.

"The instruction directed a verdict, and errors it contains are not cured by other instructions."

In the case of *Breitmeier v. Sutera,* 327 Ill. App. 221, an instruction, again, almost identical with defendant's instruction No. 17 in this case, was held objectionable because it did not correctly state the law

with respect to the rights of a pedestrian on the public highway or the duties of a vehicle operator. The *Breitmeier* case cited the case of *Moran v. Gatz,* 390 Ill. 478. In the *Moran* case the situation is the reverse of the present case, but the reasoning of the court may well be applicable to this case. There the court said: "Our conclusion, from the language of the act and the authorities cited, is that the right-of-way statute does not give a pedestrian, on a crosswalk, the right of way over all vehicles on the street under any and all circumstances. Each case must be considered in the light of the facts and circumstances surrounding it. The pedestrian's right of way is not absolute because both he and the vehicle happen to be on the street at the same time." In the instant case, even if the proof showed that the plaintiff was crossing the street at a place other than a marked or unmarked crosswalk, and the vehicle had the right of way, that right is not absolute. It must depend upon the particular facts and circumstances of the case. In the case of *Walker v. Shea-Matson Trucking Co.,* 344 Ill. App. 466, a right-of-way instruction was given. In that case the question was one of right of way between two vehicles in an intersection. The instruction given in that case was much broader than the one given here, as the jury was instructed to take into consideration all the other facts and circumstances in the case. Yet the court in that case held the instruction bad in the following language:

"Our courts of review have repeatedly held that the right-of-way statute does not give an automobile approaching an intersection the absolute right of way over one approaching from the left without regard to the distance that vehicle may be from the intersection or the speed at which the vehicles are traveling. See *Gauger v. Mills,* 340 Ill. App. 1; *Alexander v. Sullivan,* 334 Ill. App. 42; *Bentley v. Olson,* 324 Ill. App. 281;

*Paliokaitis v. Checker Taxi Co.,* 324 Ill. App. 21; and *Krawitz v. Levinstein,* 320 Ill. App. 618. Although the instruction was in the language of the statute a modified construction was placed upon the statute by our courts of review and it should have been framed according to that construction and the jury properly instructed as to its legal effect. (*Moran v. Gatz,* 327 Ill. App. 480; . . .) This instruction is misleading because it tells the jury in effect that plaintiff had the right of way."

In the case of *Anderson v. Middleton,* 350 Ill. App. 59, an instruction was given as to the right of way of a vehicle on a preferential highway. The court in holding the giving of the instruction without qualifications as to the rights and duties of each, was reversible error. The court there said:

"This was a close case factually and it was important that the jury be correctly instructed. It has been held consistently that a right of way is not an absolute right and it cannot be asserted regardless of circumstances, distance, or speed. (*Walker v. Shea-Matson Trucking Co.,* 344 Ill. App. 466.) The giving of this instruction without qualification, constituted reversible error."

The importance of correct instructions was commented on in the case of *Sharp v. Brown,* 349 Ill. App. 269, the court there saying: "It has long been the law that a jury must be especially accurately instructed if the case be one where the facts are close and where a verdict could easily favor either party in the suit." This is very true where the evidence is in dispute, as in this case, as to whether the plaintiff was crossing in a crosswalk area, and had the right of way, under certain circumstances, or whether or not he was crossing at another point and the vehicle had the right of way, under certain circumstances. In other words, the instruction should take into consideration all the facts

592

and circumstances. If the evidence showed that the plaintiff was crossing the street at a point not within a marked or unmarked crosswalk, and that he was jaywalking, this is only prima facie evidence of negligence on the part of the plaintiff, and not negligence *per se,* so as to bar the suit of the plaintiff on the grounds of contributory negligence. *Rowley v. Rust,* 304 Ill. App. 364; *Stivers v. Black & Co.,* 315 Ill. App. 38. In the *Rowley* case, a pedestrian was walking on the improved highway on the right side of the highway, instead of complying with the statutes of Illinois directing that the pedestrian walk on the left. The defendant there contended that because the pedestrian was guilty of failure to comply with the provisions of the statute, he was guilty of negligence *per se,* and could not recover. The court citing previous cases held: "Notwithstanding this section, a pedestrian walking on either the right or left unpaved shoulder of a highway in the day time and off the place provided for traffic could not be considered guilty of negligence as a matter of law." This view of the court is supported in other jurisdictions. *Wojtowicz v. Belden,* 211 Minn. 461, 1 N.W.2d 409; *Hamilton v. Althouse,* 115 N. J. L. 248, 178 Atl. 792; *Tedla v. Ellman,* 280 N. Y. 124, 19 N.E.2d 987. Regardless of the particular view taken as to whether the violation of a statute prescribing where a pedestrian shall walk, constitutes negligence itself, prima facie negligence, or merely evidence of negligence, such conduct on the part of the pedestrian will not of itself preclude recovery on the ground of contributory negligence if the violation of the statute is not the proximate cause of the injury. An instruction that does not recognize this fact is error. Defendant's instruction No. 17 lacks these necessary elements:— 1. Any reference to the duty of the defendant driver to use ordinary care. 2. To take into consideration all the other facts and circumstances. 3. To tell the jury

under what circumstances, the driver of the vehicle had the right of way. In ruling on this instruction, this court might well adopt the language of *Walker v. Shea-Matson Trucking Co.*, 344 Ill. App. 466, when that court said: "It may well be that in the minds of the jury the question of the right of way was one of the circumstances, if not a controlling circumstance, that influenced them in reaching their verdict."

The defendant takes the position that instruction No. 17 correctly stated the defendant's theory of the case, and that this instruction is based upon the evidence in the case, and is the converse of the instructions given in behalf of the plaintiff, as to the right of way. In support of the defendant's theory, he cites the case of *Green v. Drew*, 324 Ill. App. 84. That case is abstracted in the printed volume and the defendant has supplied the full case in his brief. In that case, defendant's instruction 25 quoted the statute defining a crosswalk and the law governing a pedestrian crossing at a point other than a crosswalk, and stated that if the jury believed from the evidence that the defendant was not guilty of wilful and wanton misconduct, and that the plaintiff was crossing at a point other than a crosswalk, and in so doing was guilty of negligence which proximately caused or contributed to cause the collision and her subsequent injury, the plaintiff could not recover and the jury should find the defendant not guilty. Citing *Minnis v. Friend*, 360 Ill. 328, 338, as authority for the instruction. This court has carefully read the case of *Minnis v. Friend*, and fails to find any language in that case that would support defendant's instruction No. 25 in the *Green v. Drew* case. The opinion in the case of *Green v. Drew* is in direct contradiction to the law as announced in the cases heretofore cited, namely *Breitmeier v. Sutera*, 327 Ill. App. 221; *Anderson v. Middleton*, 350 Ill. App. 59; *Walker v. Shea-Matson Trucking Co.*, 344 Ill. App. 466. These

cases were decided by the Appellate Court after the decision in the *Green v. Drew* case, are well reasoned and in the opinion of this court correctly state the law in Illinois at this time. In our opinion defendant's instruction No. 17 was prejudicially erroneous.

■ ■ The defendant argues that if defendant's instruction No. 17 was erroneous, that plaintiff's instructions No. 4 and 19 were also erroneous, and that a party cannot complain of an erroneous instruction where his own instruction is subject to the same criticism. It is true that one party cannot complain of an erroneous instruction where his own instruction is subject to the same criticism. *Spring Creek Drainage Dist. v. Greenawalt*, 335 Ill. 147; *People v. Rudnicki*, 394 Ill. 351; *Hockersmith v. Cox*, 407 Ill. 321; *Allied Cab Co. v. Hopkins*, 325 Ill. App. 265. A reading of those cases will disclose that the instructions objected to all relate to the same particular matter. In this case, if the plaintiff had submitted instructions as to the right of way, as contained in defendant's instruction No. 17, directory in character, and clearly erroneous as that instruction was, then the plaintiff could not be heard to complain of the instruction of the defendant on that matter. But here, plaintiff's instructions No. 4 and 19 *do not* relate to the same matter, are not directory, and do not preclude the right of the plaintiff to challenge defendant's instruction No. 17. This is true in interpreting the language of the case of *Allied Cab Co. v. Hopkins*, 325 Ill. App. 265. There, the cab company complained of an instruction, but the record showed that it had submitted and had given an instruction almost identical with the one complained of. In reading the language of plaintiff's instruction No. 4, it is hard to follow the argument of the defendant. That instruction recites that if the jury find that the plaintiff had the right of way, and if the jury believe that the plaintiff was in the exercise of due care, that

595

until there was notice to the plaintiff to the contrary, he had a right to assume in the exercise of ordinary care that the vehicle would yield the right of way. This court fails to perceive any error in plaintiff's instruction No. 4. Plaintiff's instruction No. 19 sets out the language of the statute. There is nothing peremptory or directory in it. There is no direction as to what the jury should do under any given circumstances. The giving of the bare language of the statute, without modifications placed upon that statute by our courts might be error. We do not see any error in this instruction. All three instructions relate to the right of way. There the similarity ends.

    ■■   The next point assigned as error by the plaintiff is the giving of defendant's instruction No. 7. This instruction is a so-called "unavoidable accident" instruction. The plaintiff contends that there is no evidence in the case to support such an instruction; that without such supporting evidence, the giving of the "unavoidable accident" instruction is erroneous. We cannot subscribe to this contention. This would be a question of fact, and a matter for the jury to determine. Certainly every litigant is entitled to have his own theory of the case. The defendant is entitled to his theory of an unavoidable accident, if there was the slightest evidence in the case that would support such a theory. In *Kirchner v. Kuhlman,* 334 Ill. App. 339, this was recognized, when the court there said: "The law is well settled that each party to a cause of action is entitled to direct and specific instructions embracing his theory of the facts where his evidence tends to prove such facts." In this case, the defendant and his wife both testified that they did not see Parkin until the exact moment of the impact, or a split second before. There is evidence that the plaintiff was hit about 60 feet north of the intersection. Certainly there is sufficient

596

evidence in the record to entitle the defendant to claim an unavoidable accident and it would be up to the jury to decide if it was unavoidable or not. There was no error in giving of this instruction.

■■ The third error assigned by the plaintiff is that the trial court erred in refusing to permit the jury to take the X-ray exhibits with them to the jury room. The cases cited by the plaintiff are not on this point. Rather they are to the effect that it was not error to permit them to go to the jury. Whether or not, after X-ray pictures are admitted in evidence, refusal to let the jury take them into their jury room for their deliberations, is not passed upon in the cases cited. In this case we are not prepared to hold that the action of the trial court in refusing to permit the jury to take the pictures with them into the jury room was error. Certainly the jury had an opportunity to examine the exhibits when admitted. Whether or not further examination would have been of benefit to the jury in arriving at their verdict is a matter that should have been considered by the trial court. If they were admissible in the first instance, then we can see no valid reason why they should not have been allowed to go with the jury for such benefit that the jury might derive from a further examination. Section 191 of chapter 110, Illinois Practice Act [Jones Ill. Stats. Ann. 104.067] provides that papers read in evidence, other than depositions, may be carried from the bar by the jury. By implication at least, this would extend to exhibits. Here again, we come to the right of the litigant to present his theory of the case. If it was the theory of the plaintiff that the X-rays would show his injuries were such that would in turn show his position when struck, and the X-rays were admitted into evidence, we can see no good reason why the jury were not permitted to take the X-ray exhibits into the jury room for

further examination. *Kavale v. Morton Salt Co.*, 329 Ill. 445. As this case is reversed on other grounds, we only call attention to the above matter without ruling thereon.

*Reversed and remanded.*

Mr. Justice Hibbs took no part in the consideration or decision of this case.