Masao **HORIBE**, a minor, by **Ryoichi, Horibe**, his father and next friend, and **Ryoichi Horibe**, individually, Plaintiffs-Appellants,

v.

**CONTINENTAL BAKING COMPANY**, a Delaware corporation, Defendant-Appellee.

No. 13345.

United States Court of Appeals Seventh Circuit.

Jan. 17, 1962.

C. E. McElhaney, Jr., Joseph M. Bonfitto, Reinecker & McElhaney, Chicago, Ill., for plaintiffs-appellants.

John Cadwalader Menk, Chicago, Ill., for defendant-appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Masao Horibe, a minor, by Ryoichi Horibe, his father and next friend, and Ryoichi Horibe, individually, plaintiffs, appeal from a judgment of the district court on a verdict finding Continental Baking Company, a Delaware corporation, defendant, not guilty, after a trial of a personal injury action.

The case was tried on the liability issues, based upon plaintiffs' amended complaint and defendant's answer. By these pleadings defendant was charged with, and denied, negligence and also willful or wanton acts or misconduct, alleged to have caused injury to the minor plaintiff.

At the close of all the evidence, the court sustained the motion of the defendant to dismiss the counts charging willful or wanton acts or misconduct.

Plaintiffs' evidence on the issues of liability tended to prove the facts which we now summarize.

Masao, 11 years old, with his brother Noble, aged not quite 10, were on a Chicago Transit Authority bus traveling east in East 71st street, in Chicago, in the daytime, on their way to a birthday party, for which they were late. They had the driver stop at Clyde avenue, where they alighted. They passed in front of the bus, Masao going first and Noble trying to catch up with him. Noble looked in the lane north of the bus and saw defendant's truck coming east, so Noble stopped, but (to use the words of Noble, called as a plaintiffs' witness), Masao "didn't see it, so he kept going", and he did not look. Being behind Masao, Noble could not see what part of the truck came in contact with Masao, but the truck came alongside of Masao, and as soon as the front passed, he was

"twirling" and by the time the whole truck passed he was on the ground.

According to defendant's driver, as he came alongside the bus, he slowed his truck to about 10 miles per hour. As he passed the bus, with the crosswalk clear, and was into the intersection, someone yelled "stop", which he did. When he stuck his head out of the door to see what was wrong, he saw a boy in the street crawling towards the curb. He then called the police and an ambulance.

Plaintiffs filed a motion for a new trial which was denied. The errors relied upon in this court we now consider.

1. Plaintiffs theorize that Masao "was injured by a wheel of the defendant's truck passing over his left foot as he drew back upon being alerted to the danger by his brother who had a better point of vantage". They offered the medical testimony of the treating physicians, "that the only injury sustained by the plaintiff in this accident was to the boy's left foot and ankle; that there were no bruises or burns of any sort or injury of any sort to any part of his body but the left foot and ankle" and that, in the opinion of one of the physicians, "the injury would be likely to have occurred with a wheel running over the boy's foot while he was standing in an upright position".

When this offer of proof was made, Noble and the bus driver had already testified as to what happened, as above indicated, and Masao had testified he could not remember seeing the truck before being struck and that the truck hit him, he twirled and fell to the street. The court refused the offer of proof.

The case having been tried only on the issues of liability and the testimony of eyewitnesses having been admitted, the offered testimony of the doctors had no sufficient value of a probative nature and hence was not admissible. The court did not err in this respect.

2. Plaintiffs cite as prejudicial error the court's refusal to grant their motion to strike certain evidence of Mrs. Gougar, a defendant's witness. The record shows the following proceeding directed to this witness:

"Q. Did you get off the bus after the accident itself?

"A. No.

"Q. You stayed on. Did you hear anybody say anything, or shout, or anything?

"A. Oh, yes.

"Q. What did you hear?

"A. I beg your pardon?

"Q. What did you hear?

"A. I heard them say, 'Oh, he ran into a truck.' "

It is apparent that before the final answer was given by the witness three questions were put to her, thus affording ample opportunity to plaintiffs' counsel to object. He withheld his objection until he had heard the answers. Evidently having found them unfavorable to his clients' case, he then made a motion to strike them. Failure to make an objection to the question seasonably might well justify our rejecting plaintiffs' contention solely on this point. However, we find additional reasons. The record indicates that Mrs. Gougar was not a surprise witness to plaintiffs' counsel, inasmuch as at least one of them had been out to see her. Moreover, we cannot see how the answer given by Mrs. Gougar to the series of three questions put by defendant's counsel could have been prejudicial to plaintiffs' case in view of the fact that plaintiffs' counsel during cross-examination of this same witness produced the following proceeding:

"Q. And what first drew your attention to this impact?

"A. I heard someone say, 'He ran into a truck.'

"Q. You heard someone?

"A. I beg your pardon?

"Q. You heard someone?

"A. I did.

"Q. And you didn't get off of the bus?

"A. I did not."

There was no objection by plaintiffs' counsel to these answers and no motion to strike them.

We find no error here.

3. Plaintiffs tendered to the court an instruction covering their case, and offered to delete such portions as defendant's counsel might object to as being repetitious. They point out that, even in the face of this offer, the court refused to give the tendered instruction and they cite this action as prejudicial error.

■ This instruction, which consisted of about 530 words, is a classic example of the practice of embodying pleadings in an instruction, which has been criticized in a number of Illinois cases. Signa v. Alluri, 351 Ill.App. 11, 19, 113 N.E.2d 475; Rubinstein v. Fred A. Coleman Co., 22 Ill.App.2d 116, 121, 159 N.E.2d 379, and cases there cited.

We find no error here.

4. Plaintiffs contend that the court committed reversible error in its instructions relative to plaintiffs' rights and duties. Particularly they urge that the court refused to give an instruction that the plaintiff had a right to rely on others obeying the law and should not have applied to the infant plaintiff an adult standard. They also assert that the court by its instructions unduly emphasized the question of contributory negligence.

We have examined the record pertaining to these contentions and find that they are not supported thereby.

■ Plaintiffs insist that the court erred in refusing their tendered instruction (g) having to do with a person in the use of the public highways having a right to rely on other persons observing the law. We disagree, because that instruction merely stated an abstract principle of law which made it subject to condemnation, under Cloudman v. Beffa, 7 Ill.App.2d 276, 129 N.E.2d 286.

■ We find no error in the defendant's instruction that, if the jury believed from a preponderance of the evidence that the plaintiff was injured as the result of an accident, which occurred without the fault of defendant, then the plaintiff could not recover. Parkin v. Rigdon, 1 Ill.App.2d 586, 596, 118 N.E.2d 342.

■ 5. We agree with the district court that there was no evidence to support the charges of willful or wanton acts or misconduct, and we therefore hold that there was no error in dismissing as to those charges.

For these reasons, the judgment of the district court is affirmed.

Judgment affirmed.